UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH CRACCO,

                            Plaintiff,

                                                                   14-cv-8235 (PAC)

               - against -

THE CITY OF NEW YORK, Police Officer
JONATHAN CORREA, Shield 7869, Transit Division
District 4, Police Officer JOHN DOE (a fictitious name),
and CYRUS R. VANCE,  JR., in his official capacity as
District Attorney for the County of New York,

                            Defendants.

------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO
CITY DEFENDANTS' MOTION TO DISMISS**

                                                    James M. Maloney (JM-5297)
                                                    Attorney for Plaintiff
                                                    33 Bayview Avenue
                                                    Port Washington, New York 11050
                                                    (516) 767-1395
                                                    maritimelaw@nyu.edu

<u>PRELIMINARY STATEMENT</u>

This memorandum of law is submitted in opposition to the City Defendants' motion (ECF Document 25 et seq.) to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

<u>COUNTERSTATEMENT OF FACTS</u>

The City Defendants' summary of facts as set forth in their brief (ECF Document 27), taken from the Amended Complaint, is for the most part accurate, but omits any mention of the fact that Mr. Cracco (the plaintiff here and the defendant in the criminal proceeding), through the undersigned counsel: (1) moved to dismiss the criminal charge on the same or related grounds of insufficiency and unconstitutionality as form the basis of this lawsuit; (2) fully briefed that motion; and (3) was told on May 14, 2014, by Criminal Court Judge Erika Edwards that a decision on the motion would be handed down at the next appearance of July 8, 2014. Amended Complaint (ECF Document 9) at ¶¶ 35-40 and Exhibit C thereto (Document 9-3). The City Defendants' brief further states that the final disposition of the criminal matter on July 8, 2014, was had before the same Criminal Court Judge, Erika Edwards, *see id.* at 4, 7, when in fact that disposition was had before an entirely different Criminal Court Judge, Kevin McGrath. As detailed in the Amended Complaint, *see id.* at ¶ 40, the fact that the judge who had promised to decide the motion by that date had not done so was a significant factor in Mr. Cracco's decision to enter a guilty plea to disorderly conduct rather than continue to challenge the charge.[1]

---

[1] The City Defendants and Defendant Vance also submit what purports to be an accurate transcript of the July 8, 2014, proceeding, ECF Documents 26-4 and 23-2, respectively. Notably, that transcript not only erroneously indicates that Judge Edwards presided over the proceeding but also contains added verbiage that was never part of the question posed by Judge McGrath to Mr. Cracco at that proceeding. The latter very significant error is addressed in the Declaration of James M. Maloney submitted herewith and is discussed at page 3, *infra*.

ARGUMENT

1. The *Heck* Doctrine

The City Defendants argue that plaintiff is barred from bringing this action because of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994)). In *Heck*, the Supreme Court "confronted the question of whether, given the overlap between § 1983 and the federal habeas corpus statute, a prisoner seeking civil damages may proceed with a § 1983 claim where success on the claim necessarily would implicate the unconstitutionality of the prisoner's conviction or sentence." *Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (citing *Heck*, 512 U.S. at 480-90). The Supreme Court in *Heck* explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486 87 (footnote omitted) (emphasis in original); *see also Wilkinson v. Dotson*, 544 U.S. 74 (2005) ("*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success *would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence." (emphasis in original)). Thus, pursuant to *Heck*, courts routinely dismiss claims brought under § 1983 when such claims bear on the validity of an underlying conviction or sentence. *See, e.g., Guerrero v. Gates*, 442 F.3d 697, 703-04 (9th Cir. 2006); *Amaker*, 179 F.3d at 51-52. In contrast, where, as here, the success of the subsequent federal civil lawsuit would not challenge the conviction, *Heck* is inapplicable. *See, e.g., Small v. Bud-K Worldwide, Inc.*,

895 F. Supp. 2d 438, 443-44 (E.D.N.Y. 2012), *aff'd sub nom. Small v. Rice*, 546 Fed. Appx. 41 (2d Cir. 2013).

The *Heck* doctrine is inapplicable to the situation at bar. Here, the plaintiff is not seeking to invalidate his conviction. In fact, Mr. Cracco was not convicted pursuant to section 265.01, with which he was charged, but rather pled guilty to a violation of New York Penal Law § 240.20 (disorderly conduct), and is not requesting that this Court overturn that conviction in state court, nor would the prospective relief sought in this case invalidate his conviction.

2. Collateral Estoppel

The City Defendants alternatively argue that collateral estoppel bars Plaintiff's claims because of his plea of guilty to disorderly conduct. The City Defendants cite to a transcript that they have proffered (ECF Document 26-4), but that transcript not only misidentifies the judge who presided over the proceeding but also erroneously adds the words, " . . . because you are guilty" to the end of a question asked of Mr. Cracco, turning the question from "Are you pleading guilty to disorderly conduct in New York County?" to "Are you pleading guilty to disorderly conduct in New York County because you are guilty?" See Maloney Declaration submitted herewith.

Adding insult to injury, in support of this prong of their motion the City Defendants posit that . . .

> plaintiff was given a full and fair opportunity to litigate the issue of whether his arrest was supported by probable cause. By plaintiff's own allegations, he began to avail himself of that very opportunity during the underlying criminal proceedings by moving to dismiss the Misdemeanor Complaint for legal insufficiency and unconstitutionality . . . However, rather than waiting for a decision from the Court on this issue, plaintiff chose to plead guilty to Disorderly Conduct, thereby conceding the lawfulness of his arrest.

Brief (ECF Document 27) at 8.

As has been demonstrated but ignored by the City Defendants, Mr. Cracco did not merely

"begin" to "avail himself of that . . . opportunity," but rather briefed the motion fully and appeared on the date that the presiding judge told him that a decision would be rendered.  See, e.g., Amended Complaint at ¶¶ 38, 40, and Exhibit D thereto (ECF Documents 9, 9-4) .  But the judge was not there and there was no decision, only an offer from the People.  Faced with a Kafkaesque situation reminiscent of the famous *Wizard of Oz* sequence ("Bring me the witch's broom."  "Come back tomorrow."), Plaintiff accepted the People's offer.  He was never informed that by doing so he would be "conceding the lawfulness of his arrest," and he never said "yes" in response to a question, "Are you pleading guilty to disorderly conduct in New York County *because you are guilty?*" (emphasis added).

3. Retroactive Probable Cause

Relying on a series of cases beginning with *Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996), the City Defendants posit that Mr. Cracco's plea-bargain, wherein he pled guilty to a violation in satisfaction of the sole charge against him (criminal possession of a weapon in violation of New York Penal Law § 265.01(1) for a so-called "gravity knife" that the arresting officer noticed clipped to the inside of Mr. Cracco's pants pocket), retroactively establishes as a matter of law that probable cause existed to arrest Mr. Cracco at the time of his arrest.

Plaintiff does not dispute that the existence of probable cause to arrest him would render his false arrest claim legally unavailable, but Plaintiff *does* dispute that his plea has the effect of changing the facts so as to create probable cause where it did *not* in fact exist at the time of the arrest.

*Weyant v. Okst*, *supra*, stands only for the proposition that "[i]f, following the arrest, the plaintiff was convicted *of the charges against him*, that conviction *normally* 'would be conclusive evidence of probable cause,'" 101 F.3d at 852 (quoting *Broughton v. State*, 37 N.Y.2d 451, 458, 373 N.Y.S.2d 87, 95, 335 N.E.2d 310, 315 (1975)) (emphasis added).

Similarly, in *Cameron v. Fogarty*, 806 F.2d 380 (2d Cir. 1986), the Court held only that "the common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted *of the offense for which he was arrested*." *Id*. at 387 (emphasis added).

Since neither *Weyant* nor any other actual Second Circuit precedent directly supports the City Defendants' argument that probable cause is always established as a matter of law even if the plea is to a lesser charge than the charge originally lodged, they rely on two recent (2013 and 2014) cases (plus a third 2004 decision that "collects"others) from this District, along with several from other districts within this Circuit, that, at first blush, appear as if they might support that broad proposition. But the reasoning behind all of those district court decisions is that the plea to a lesser charge acknowledges some culpable activity that would have provided probable cause for the arrest. In order for that logic to apply where the guilty plea is to "disorderly conduct," it is axiomatic that there must have been a *conduct*-related charge in regard to which the plea could reasonably be said to have acknowledged the culpable activity that provided probable cause, and indeed the cases cited by Defendants all involve precisely such a set of circumstances. For example, in *Rodriguez v. Village of Ossining*, 918 F. Supp. 2d 230 (S.D.N.Y. 2013), the plaintiff, as here, pled guilty to "disorderly conduct," but in *Rodriguez* there was an underlying charge of resisting arrest, which obviously includes actual conduct of some sort. Indeed, all of the district court cases cited by the City defendants involving a disorderly conduct plea also involve underlying charges that were conduct-based, most often resisting arrest (with some the cited cases involving multiple conduct-based charges such as resisting arrest and disorderly conduct).[2] Here, the sole charge lodged against Mr. Cracco was for possession of a

---

[2] In *Cuellar v. Love*, 2014 WL 1486458 (S.D.N.Y. April 11, 2014), for example, cited by the City Defendants at page 9 of their brief (citing the Lexis citation), the civil plaintiff/criminal defendant had been charged with both resisting arrest and disorderly conduct.

so-called "gravity knife," and there was never any allegation that Mr. Cracco engaged in any improper or illegal conduct beyond the mere possession of the knife that the arresting officer spotted by virtue of the clip visible on Mr. Cracco's pocket.

The gravamen of Mr. Cracco's false arrest claim, i.e., the basis for his claim that the arresting officer lacked probable cause to conclude that the knife in Mr. Cracco's possession was a gravity knife, was that the arresting officer had to try multiple times to get the knife to open by means of the so-called "wrist flick" test, in violation of the clear mandate of the Court of Appeals in *People v. Dreyden*, 15 N.Y.3d 100, 905 N.Y.S.2d 542 (2010), to the effect that the prohibited "gravity knives" include only those that may ***readily*** be opened by gravity or centrifugal force," *id.* at 103-04, 905 N.Y.S.2d at 544 (emphasis added). That Mr. Cracco, after moving for dismissal on that very basis and being promised a ruling on a certain day, pled guilty to disorderly conduct in order to end his ordeal after arriving in court only to find no decision awaiting and not even the judge who had promised it on the bench, has no bearing whatsoever on whether probable cause existed to have arrested him. The City Defendants' reliance on the New York City Transit Rules of Conduct and the New York City Administrative Code is equally misplaced, as Mr. Cracco was not arrested on the basis of either of those provisions.

4. <u>Concessions</u>

Having reviewed the case law submitted by the City Defendants in light of the facts of this case, Plaintiff concedes that the force used against him, the pain inflicted on him, and the reasonable fear for his safety in which he was unreasonably placed during his vehicular transport, do not, even in the aggregate, rise to the level of abuse necessary to support an excessive force claim. Separately, and without conceding the merits of the claim, Plaintiff does not oppose the prong of the City Defendants' motion that seeks dismissal of the due process claim based on the taking of the knife and failure to return it. Plaintiff declines to oppose this prong simply because

the judicial resources required to decide it are out of proportion to the value of the property that has been taken without due process. Finally, Plaintiff concedes that no notice of claim was filed and accordingly does not oppose the prong of the City Defendants' motion seeking dismissal of the state law claims on that basis.

5. <u>Qualified Immunity and Municipal Liability</u>

As a fair reading of the Amended Complaint will establish, these two issues are inextricably intertwined, for *People v. Dreyden*, 15 N.Y.3d 100, 905 N.Y.S.2d 542 (2010), decided by the state's highest court, established both that the prohibited "gravity knives" include only those that may *"readily* be opened by gravity or centrifugal force," *id.* at 103-04, 905 N.Y.S.2d at 544 (emphasis added) and that "[a]n arresting officer should, *at the very least*, explain briefly, *with reference to his training and experience*, how he or she formed the belief that the object observed in defendant's possession was a gravity knife," 15 N.Y. at 104, 905 N.Y.S.2d at 544 (emphasis added). Here, that the Misdemeanor Complaint charging Mr. Cracco with gravity knife possession neither referred to any training and experience nor to any observation on the arresting officer's part that the knife could "readily" be opened by centrifugal force, the arresting officer having stated only: "I know that the knife was a gravity knife because I opened the knife with centrifugal force by flicking my wrist while holding the knife." The Misdemeanor Complaint thus not only failed to indicate whether the arresting officer had ever had any training provided by the City of New York in identifying and applying the standards articulated by the Court of Appeals some three years earlier in *Dreyden*, but also failed to indicate how many times the arresting officer had to try to get the knife to open against its natural tendency to remain closed (a tendency not shared by true gravity knives, which, as the Court of Appeals has explained, must open "readily"). As pleaded in the Amended Complaint's Fourth through Sixth Causes of Action in the alternative, the arresting officer's failure to obey the

mandates of *Dreyden* set forth some three years earlier was either the result of his own non-compliance with training provided to him or was the result of inadequate training by the City to have trained him following the *Dreyden* decision. It is beyond dispute that *Dreyden* established a right to be free from arrests for possession of knives that do not readily open by gravity or centrifugal force, especially by officers failing to apply its clear requirement that they explain briefly, with reference to their training and experience, how they formed the belief that the object observed in a defendant's possession was a gravity knife. Here, Officer Correa simply flicked the knife repeatedly until he got it to open, then arrested Plaintiff without disclosing in the Misdemeanor Complaint that such repeated attempts were made and without any reference whatsoever to any training and experience. Accordingly, at this stage of the litigation, Officer Correa is not entitled to qualified immunity, nor may the City be found to be free from the municipal liability that would flow from its failure to have trained Correa properly following *Dreyden*. Whether Officer Correa acted as he did because he was not trained properly following *Dreyden* or because he failed to apply the training he had been given cannot be determined without discovery, but that does not make the alternative pleading in the Amended Complaint a set of "boilerplate assertions," *cf*. City Defendants' Brief at 21.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that this Court should DENY the City Defendants' motion except as to those points herein conceded.

Dated: July 24, 2015
      Port Washington, New York

Respectfully submitted,

_____/s_____
JAMES M. MALONEY (JM-5297)
Attorney for Plaintiff
Law Office of James M. Maloney
33 Bayview Avenue
Port Washington, New York 11050
(516) 767-1395

maritimelaw@nyu.edu