**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

October 7, 2015

**BY ECF**
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Joseph Cracco v. City of New York, et al.*, 14 Civ. 8235 (PAC)

Dear Judge Crotty:

On behalf of District Attorney Vance, I write concerning the Second Circuit's recent decision in *Knife Rights v. Vance*, 2015 U.S. Dist. LEXIS 16814 (2d Cir. Sept. 22, 2015). The District Court's decision in *Knife Rights*, written by the Honorable Katherine B. Forrest, is among the cases cited in the District Attorney's full briefed motion to dismiss the amended complaint. Docket No. 24, at 11, citing *Knife Rights v. Vance*, 2013 U.S. Dist. LEXIS 144107 (S.D.N.Y. Sept. 25, 2013).

The plaintiffs in *Knife Rights* allege that Penal Law §265.01 is unconstitutionally vague as applied to "common folding knives" – defined as knives designed to resist opening from the closed position. *Knife Rights*, 2015 U.S. Dist. LEXIS 16814, *2, *n1. Judge Forrest dismissed the amended complaint for lack of subject matter jurisdiction based on her conclusion that the plaintiffs' injury – their professed fear of prosecution for carrying common folding knives – was too speculative to confer standing. *Knife Rights*, 2013 U.S. Dist. LEXIS 144107, at *9-14.

The District Attorney cited Judge Forrest's decision in his brief for the proposition that a plaintiff's choice to "skirt the edges of the law" does not create an injury sufficient for standing, Docket No. 24, at 11, a principle which was recently reaffirmed in *United States v. Johnson*, 135 S.Ct. 2551, 2565 (2015) ("[T]he law is full of instances where a man's fate depends on his estimating rightly"). Judge Forrest's decision was not otherwise referenced by the District Attorney other than to note the pending appeal. *Id.*, at n6.

On September 22nd, the Second Circuit reversed Judge Forrest's decision with respect to the individual plaintiffs and affirmed her decision with respect to the organizational plaintiffs. *Knife Rights*, 2015 U.S. Dist. LEXIS 16814, *3. The Second Circuit held that the individual plaintiffs' professed injury was not speculative because each plaintiff had already been charged with a violation of Penal Law §265.01. *Id.*, *22, *24. The Circuit did not analyze the remaining elements of standing – causation and redressability – and did not address the merits of the plaintiffs' challenge to §265.01. *Id.*, *5.

The partial reversal in *Knife Rights* should not impact this Court's analysis of whether plaintiff Joseph Cracco has standing. Unlike the plaintiffs in *Knife Rights*, Cracco alleges that the arresting officer fabricated the operability of his knife to bring it within Penal Law §265.01. Cracco's allegations in this regard, while presumably affording him standing to seek damages against the officer, do not establish a "certainly impending" threat that he will again be stopped by a police officer who will again falsely arrest him for possession of a gravity knife and again omit the number of attempts required to open the knife in the criminal court complaint. Also unlike the plaintiffs in *Knife Rights*, whose prosecutions ended in a "non-merits" disposition, 2015 U.S. App. LEXIS 16814, *22, Cracco pled guilty to disorderly conduct in satisfaction of the §265.01 charge and admittedly engaged in an arrestable violation of Administrative Code §10-133(c), rendering his allegations against the officer implausible and precluding a plausible inference that his arrest was unlawful.

Finally, as argued in the District Attorney's brief, Cracco cannot satisfy the additional elements of causation and redressability – elements which were not addressed in the *Knife Rights* decisions or in Cracco's opposition to the District Attorney's motion.

Respectfully submitted,

/s
Elizabeth Norris Krasnow
Assistant District Attorney