```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JOSEPH CRACCO,                                         :
                                                       :
                              Plaintiff,               :    14 Civ. 8235  (PAC)
                                                       :
              - against -                              :    OPINION AND ORDER
                                                       :
THE CITY OF NEW YORK; Police Officer JONATHAN          :
CORREA, Shield 7869, Transit Division District 4; Police :
Officer JOHN DOE (a fictitious name); and CYRUS R.     :
VANCE JR., in his official capacity as District Attorney :
for the County of New York,                            :
                                                       :
                              Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Joseph Cracco was arrested for possession of a gravity knife. He pleaded guilty to disorderly conduct and paid a fine. Cracco now alleges the City of New York and the officers who arrested him ("City defendants") violated his federal civil and state common-law rights. He seeks damages under New York tort law and 42 U.S.C. § 1983. He also brings a *Monell* claim against the City. *See Monell v. Dep't of Social Services*, 436 U.S. 658 (1978). Finally, he seeks declaratory judgment against Cyrus R. Vance Jr., in his official capacity as New York County District Attorney, that New York Penal Law §§ 265.00[5] and 265.01(1)—which define the simple possession of a gravity knife as a crime—are void for vagueness.

In separate filings, the City defendants and District Attorney Vance move to dismiss the claims against them. In this opinion, the Court grants the City defendants' motion to dismiss; it will address District Attorney Vance's motion to dismiss separately.

1

**I.     Background**

On October 18, 2013, Cracco and a coworker were in the subway station at Madison Avenue and East 42nd Street in Manhattan. (Dkt. 9, ¶¶ 10, 13.)[1] Cracco had clipped his Spyderco Endura 4 knife, which he describes as an "ordinary folding knife," to the inside of his pants pocket. (*Id.* at ¶ 11.) At the time, Cracco, a chef, was working to open a new restaurant and had been using his knife for various work-related tasks. (*Id.*) Officer Jonathan Correa observed the knife's clip, which was visible on the exterior of Cracco's pocket, and asked him if he had a knife in his pocket. (*Id.* at ¶ 15.) Cracco answered yes. (*Id.* at ¶ 16.) Officer Correa then removed the knife from Cracco's pocket and attempted to open it by flicking his wrist forcefully. (*Id.* at ¶¶ 16–17.) At first, he failed to open it, but after four or five attempts, the knife opened and the blade locked into place. (*Id.* at ¶ 17.) Officer Correa then arrested Cracco for possession of a gravity knife. (*Id.* at ¶ 18.) Cracco was handcuffed and searched and placed in a police vehicle for transportation to Central Booking. (*Id.* at ¶¶ 18–20.) Cracco alleges he was placed in an uncomfortable position during transportation and that the driver (an unnamed officer) drove dangerously, which made Cracco fear for his safety. (*Id.* at ¶ 20.)

Cracco was charged with criminal possession of a weapon in the fourth degree. (*Id.* at ¶ 28.) Officer Correa stated in the criminal complaint: "I know that the knife was a gravity knife because I opened the knife with centrifugal force by flicking my wrist while holding the knife, thereby releasing the blade which locked in place by means of an automatic device that did not require manual locking." (*Id.*, Exh. A.) The criminal complaint did not note that it took Officer Correa multiple attempts to open the knife as Cracco alleges, nor did it reference any training or experience that formed Officer Correa's basis for believing the knife was a gravity knife. (Dkt. 9, ¶¶ 25, 29.)

On March 26, 2014, Cracco appeared before Justice Erika Edwards and requested permission to file a motion to dismiss the criminal complaint, which Justice Edwards granted. (*Id.* at ¶ 35.) Cracco moved to dismiss on three grounds. (*Id.* at ¶ 36.) First, he argued that the New York Court of

---

[1] The facts are taken from the Amended Complaint, which the Court takes as true in deciding a motion to dismiss.

2

Appeals' decision in *People v. Dreyden*, 931 N.E.2d 526 (N.Y. 2010), requires that a criminal complaint charging criminal possession of a gravity knife include a reference to the arresting officer's training and experience in identifying gravity knives. (*Id.*) Second, he argued that *Dreyden* requires a criminal complaint to include an observation by the arresting officer that the knife in question can be "readily" opened by centrifugal force. (*Id.*) And third, he argued that without the judicial gloss of *Dreyden* the sections of the Penal Law defining gravity knives and criminal possession of a weapon are void for vagueness. (*Id.*) Justice Edwards scheduled an appearance on July 8, 2014, and promised a decision by or before that time, but when the parties appeared on that day, Justice Kevin McGrath was sitting on the bench. (*Id.* at ¶¶ 37–38, 40.) Justice McGrath was unfamiliar with Cracco's outstanding motion to dismiss. (*Id.* at ¶ 40.) Apparently Cracco did not seek an adjournment or continuance, but instead pleaded guilty to disorderly conduct in full satisfaction of the criminal possession charge. (*Id.*)[2]

Cracco now sues the City, Officer Correa, the unnamed officer who drove him to Central Booking, and District Attorney Vance, seeking damages under New York tort law, § 1983, and *Monell*, and a declaratory judgment that New York Penal Law §§ 265.00[5] and 265.01(1) are void for vagueness. Cracco's Amended Complaint raises eight causes of action against the City defendants: (1) Officer Correa falsely arrested Cracco and illegally searched him in violation of Fourth and Fourteenth Amendments; (2) Officer Correa and the unnamed officer used unreasonable force against Cracco when they drove him to Central Booking; (3) the unnamed officer intentionally inflicted mental distress by driving dangerously; (4) Officer Correa disregarded or ignored training that gravity knives are distinguishable from other knives; (5) the City failed to train Officer Correa to

---

[2] Cracco alleges he pleaded guilty because of the "uncertainties" arising from Justice McGrath's presence, his "loss of confidence" in the criminal justice system, and the stigma and cost of being a criminal defendant. (Dkt. 9, ¶ 40.) Cracco does not mention in his complaint that he had been arrested two days earlier for reckless endangerment, dealing in fireworks, and possession of marijuana. (Dkt. 23, Exh. 1.) The City defendants note that Cracco actually pleaded guilty to two counts of disorderly conduct one in satisfaction of his criminal possession charge, the other in satisfaction of the more recent charges. (Dkt. 23, Exh. 2.) In any case, Cracco's motivation for pleading guilty to disorderly conduct is irrelevant to the Court's analysis.

distinguish gravity knives from other knives; (6) the City deliberately wrongfully trained Officer Correa that there is no distinction between gravity knives and ordinary folding knives; (7) the City was negligent in its hiring or retention of Officer Correa and the unnamed officer; and (8) defendants seized, and continue to deprive Cracco of, his knife in violation of the Fourth and Fifth Amendments. (*Id.* at ¶¶ 40–76.)

The City defendants moved to dismiss all claims against them. (Dkt. 25.)

## II.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, a court will consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case," which may include arrest reports, criminal complaints, indictments, court filings, and judgments. *Roberts v. Babkiewicz*, 585 F.3d 418, 419 (2d Cir. 2009).

## III.  Analysis

### a.  First Cause of Action: False Arrest

Cracco seeks damages under § 1983 against Officer Correa, alleging false arrest without probable cause and illegal search and detention. This claim "necessarily impl[ies] the invalidity of his conviction" and accordingly must be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

*Heck* holds that a plaintiff cannot bring a claim for damages under § 1983 if a judgment in the plaintiff's favor would "necessarily imply the invalidity of his conviction," unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

4

invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* That rule "avoids parallel litigation over the issues of probable cause and guilt" and prevents the creation of "two conflicting resolutions arising out of the same or identical transactions." *Id.* at 484.

To prevail on his false-arrest claim, Cracco would have to demonstrate that Officer Correa lacked probable cause to arrest him. *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). But such a finding would necessarily imply the invalidity of his conviction. There is no claim that Cracco's conviction has been overturned or otherwise invalidated. *Heck* thus bars the claim. *See, e.g.*, *Younger v. City of New York*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (dismissing false-arrest claim, among others, on the pleadings as barred under *Heck* where plaintiff was convicted following a guilty plea); *Roundtree v. New York*, 778 F. Supp. 614, 619 (E.D.N.Y. 1991) ("[A] plea of guilty to a charge lesser than that for which plaintiff was arrested also bars a Section 1983 action for arrest without probable cause."); *see also Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) ("[T]he common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested.").

But even if Cracco's claim were not barred, it would fail as a matter of law. Cracco pleaded guilty to disorderly conduct in satisfaction of his criminal possession charge. That guilty plea establishes probable cause as a matter of law. *See Cameron*, 806 F.2d at 388–89. The existence of probable cause is a "complete defense to an action for false arrest." *Weyant*, 101 F.3d at 852.

b.       **Second Cause of Action: Excessive Force**

Cracco concedes that the allegations of force used against him "do not, even in the aggregate, rise to the level of abuse necessary to support an excessive force claim." (Dkt. 31 at 6.) The claim is dismissed.

c.       **Third and Seventh Causes of Action: State-Law Claims**

Cracco concedes that he has not complied with New York's notice-of-claim requirement. (Dkt. 31 at 7.) *See* N.Y. Gen. Mun. L. § 50-e ("[A] notice of claim is a mandatory precondition to bringing a tort claim against a municipality or any of its . . . employees."); *Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (holding that state notice-of-claim statutes apply to state-law claims brought in federal court). Accordingly, Cracco's state-law claims of intentional infliction of emotional distress and negligent hiring or retention are dismissed.

d.       **Fourth Cause of Action: Deliberate Disregard of Training**

Cracco's Fourth Cause of Action alleges that the City "adequately and appropriately trained" Officer Correa "that gravity knives are distinguishable from folding knives that cannot be readily be opened by gravity or centrifugal force" as *Dreyden* requires. (Dkt. 9, ¶ 59.) Cracco alleges Officer Correa "ignored that training and failed to make note of it in the Misdemeanor Complaint, subjecting him to individual liability." (*Id.* at ¶ 60.)

A gravity knife is a knife with a blade that "(1) 'is released from the handle or sheath thereof by force of gravity or the application of centrifugal force' and that (2) 'when released, is locked in place by means of a button, spring, lever or other device.'" 931 N.E.2d at 528 (quoting N.Y. Penal Law § 265.00[5]). The New York Court of Appeals explained that "[t]his definition distinguishes gravity knives from certain folding knives that cannot readily be opened by gravity or centrifugal force." *Id.* The underlying criminal complaint at issue in that case simply asserted that the defendant was "in possession of a gravity knife," without providing any factual support for the allegation. *Id.* at

527. The New York Court of Appeals found the Complaint to be jurisdictionally defective and instructed that "[a]n arresting officer should, at the very least, explain briefly, with reference to his training and experience, how he or she formed the belief that the object observed in defendant's possession was a gravity knife." *Id.* at 528.

> Cracco maintains that
>
> *Dreyden* established a right to be free from arrests for possession of knives that do not readily open by gravity or centrifugal force, especially by officers failing to apply its clear requirement that they explain briefly, with reference to their training and experience, how they formed the belief that the object observed in a defendant's possession was a gravity knife.

(Dkt. 31 at 8.) Cracco appears to be making two claims. First, Cracco is raising again his false arrest claim. In other words, Officer Correa failed to apply *Dreyden*'s "readily open" language when he flicked the knife repeatedly and thus lacked probable cause to arrest him. As noted, however, such a claim is barred by *Heck* and fails as a matter of law. *See supra* at III.a. Second, Cracco's claim could be read as an attack on the sufficiency of the underlying criminal complaint. In other words, because the criminal complaint did not refer to Officer Correa's training and experience it failed to provide Cracco with adequate notice of the charges against him (assuming that is what *Dreyden* requires) and thereby denied him due process. *Cf. Dreyden*, 931 N.E.2d at 527 ("The factual part of a misdemeanor complaint must allege 'facts of an evidentiary character' demonstrating 'reasonable cause' to believe the defendant committed the crime charged." (citations omitted)). Although a defendant may challenge the sufficiency of a complaint on appeal even after pleading guilty, *see id.* at 527–28, *Heck* bars a subsequent attack on the underlying complaint in an action for damages under § 1983 where the underlying conviction has not been overturned or otherwise invalidated. A judgment awarding damages on the basis of a defective criminal complaint would "necessarily imply the invalidity of [Cracco's] conviction." *Heck*, 512 U.S. at 487. The claim is thus barred.

Even if Cracco's claim were not barred by *Heck*, the complaint was not unconstitutionally defective. In the criminal complaint, Officer Correa stated: "I know that the knife was a gravity knife because I opened the knife with centrifugal force by flicking my wrist while holding the knife, thereby releasing the blade which locked in place by means of an automatic device that did not require manual locking." (Dkt. 9, Exh. A.) Although the complaint did not mention Officer Correa's training and experience (perhaps running afoul of *Dreyden*), it gave Cracco adequate notice of the charges against him such that he was able to mount an effective defense, and it was sufficiently specific so as to safeguard against double jeopardy. *See Russell v. United States*, 369 U.S. 749, 763–64 (1962). As such, Cracco has failed to plead a constitutional violation, and his claim must be dismissed.

    e.    **Fifth and Sixth Causes of Action: *Monell* Claims**[3]

In his Fifth Cause of Action, Cracco claims that the City failed to train Officer Correa that gravity knives are distinguishable from ordinary folding knives and alleges that this failure "amounts to deliberate indifference to the constitutional rights of others." (Dkt. 9, ¶ 64.) In his Sixth Cause of Action, Cracco claims in the alternative that the City deliberately wrongfully trained Officer Correa that there is no difference between gravity knives and ordinary folding knives, in contravention of *Dreyden*, and that this deliberate wrongful training "amounts to a municipal policy or custom, the existence of which had a causal connection to the deprivation of Plaintiff's constitutional rights." (*Id.* at ¶ 68.) Cracco claims both of these causes of action give rise to damages under *Monell*.

*Monell* claims require proof of "the existence of a municipal policy or custom in order to show that the municipality took some action that caused him injuries . . . [and] establish a causal connection—an affirmative link—between the policy and the deprivation of his constitutional rights." *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). But "the mere assertion

---

[3] The Fifth and Sixth Causes of Action are pleaded in the alternative to the Fourth Cause of Action, which alleges that the City had adopted training on how to distinguish gravity knives from other knives. (Dkt. 9, ¶¶ 59, 65.)

. . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993).

Here Cracco merely asserts that the City either failed to train or deliberately wrongfully trained Officer Cracco. He alleges no facts in support of those bald claims. And even if Cracco could allege facts sufficient to support his claim, he has failed to allege a constitutional violation. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (holding that if a plaintiff cannot show that his constitutional rights were violated by a city actor, there is no *Monell* claim). As the Court noted above, because Cracco pleaded guilty to disorderly conduct, Officer Correa had probable cause to arrest Cracco as a matter of law. *See supra* at III.a. Cracco's *Monell* claims are dismissed.

### f. Eight Cause of Action: Due Process Claim

Cracco declines to oppose the City defendants' motion to dismiss his procedural-due-process claim. (Dkt. 31 at 6–7.) The Court dismisses the claim as abandoned.

## IV. Conclusion

The Court GRANTS the City defendants' motion to dismiss all claims against the City of New York, Officer Correa, and the unnamed officer. Causes of Action I–VIII of the Amended Complaint are DISMISSED with prejudice. The Clerk is directed to terminate the motion at Docket No. 25.

Dated: New York, New York
November 4, 2015

SO ORDERED

*/s/ Paul Crotty*
PAUL A. CROTTY
United States District Judge