USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 9, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSEPH CRACCO,

                          Plaintiff,

    - against -

THE CITY OF NEW YORK; Police Officer JONATHAN
CORREA, Shield 7869, Transit Division District 4; Police
Officer JOHN DOE (a fictitious name); and CYRUS R.
VANCE JR., in his official capacity as District Attorney
for the County of New York,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

14 Civ. 8235 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Joseph Cracco was arrested for possession of a gravity knife. He pleaded guilty to disorderly conduct and paid a fine. Cracco wants to continue carrying the same type of knife that lead to his arrest, but fears he will be prosecuted again. He seeks declaratory judgment against Cyrus R. Vance Jr., in his official capacity as New York County District Attorney, that New York Penal Law §§ 265.00(5) and 265.01(1)—which define the simple possession of a gravity knife as a misdemeanor—are void for vagueness. The Court denies District Attorney Vance's motion to dismiss the claim.[1]

I.   **Background**

On October 18, 2013, Cracco and a coworker were in the subway station at Madison Avenue and East 42nd Street in Manhattan. (Dkt. 9, ¶¶ 10, 13.)[2] Cracco had clipped his Spyderco Endura 4

---

[1] Cracco also named as defendants the City of New York, Officer Jonathan Correa, and an unnamed officer, alleging various constitutional and state-law claims. The Court dismissed those claims with prejudice in a previous opinion. (Dkt. 37.)

[2] The facts are taken from the Amended Complaint, which the Court takes as true in deciding a motion to dismiss. For an expanded statement of facts, including the allegations Cracco made in support of his other claims, see the Court's prior opinion. (Dkt. 37 at 2–4.)

knife, which he describes as an "ordinary folding knife," to the inside of his pants pocket. (*Id.* at ¶ 11.) Cracco is a chef, who was working to open a new restaurant and had been using his knife for various work-related tasks. (*Id.*) New York Police Department Officer Jonathan Correa observed the knife's clip, which was visible on the exterior of Cracco's pocket, and asked him if he had a knife in his pocket. (*Id.* at ¶ 15.) Cracco answered yes. (*Id.* at ¶ 16.) Officer Correa then removed the knife from Cracco's pocket and attempted to open it by flicking his wrist forcefully. (*Id.* at ¶¶ 16–17.) At first, the knife failed to open, but after four or five further attempts by Correa, the knife opened and the blade locked into place. (*Id.* at ¶ 17.) Officer Correa then arrested Cracco for possession of a gravity knife. (*Id.* at ¶ 18.)

Cracco was charged with criminal possession of a weapon in the fourth degree. (*Id.* at ¶ 28.) Officer Correa stated in the criminal complaint: "I know that the knife was a gravity knife because I opened the knife with centrifugal force by flicking my wrist while holding the knife, thereby releasing the blade which locked in place by means of an automatic device that did not require manual locking." (*Id.*, Exh. A.) The criminal complaint did not disclose that it took Officer Correa multiple attempts to open the knife, as Cracco alleges, nor did it reference any training or experience that formed Officer Correa's basis for believing the knife was a gravity knife. (Dkt. 9, ¶¶ 25, 29.) Cracco pleaded guilty to disorderly conduct in full satisfaction of the criminal possession charge. (*Id.*)

Cracco wants to continue to own and carry a Spyderco Endura 4 knife. (*Id.* at ¶ 47.) Although he believes that type of knife is not a gravity knife under Penal Law §§ 265.00(5) and 265.01(1) and the New York Court of Appeals' decision in *People v. Dreyden*, 15 N.Y.3d (2010), he fears future prosecution by District Attorney Vance. (*Id.* at ¶ 44.) Cracco seeks declaratory judgment that Penal Law §§ 265.00(5) and 265.01(1) are void for vagueness as applied to knives that (1) have a bias toward closure; (2) have a blade that locks into place when opened; and (3) cannot be readily opened

by gravity or centrifugal force.[3] (*Id.* at ¶ 80.) *Cf. Dreyden*, 15 N.Y.3d at 104 ("This definition distinguishes gravity knives from certain folding knives that cannot readily be opened by gravity or centrifugal force.")

District Attorney Vance moves to dismiss Cracco's claim, arguing (1) Cracco does not have standing to seek declaratory judgment; (2) Cracco has an adequate remedy at law; and (3) Cracco's claims are barred by his guilty plea. District Attorney Vance also addresses Cracco's claims on the merits, arguing that Penal Law §§ 265.00(5) and 265.01(1) are not void for vagueness as applied to knives with the characteristics identified by Cracco.

## II. Legal Standard

The standard for a motion to dismiss for want of jurisdiction is the same as that for failure to state a claim. *See W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, the Court construes the pleadings in plaintiff's favor, accepting as true all material factual allegations. *W.R. Huff*, 549 F.3d at 106.

## III. Non-merits Bars to Suit

### a. Standing

The United States Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. CONST. art. III, § 2. "One element of the case-or-controversy requirement" is that a plaintiff must establish that he has standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish standing, a plaintiff must allege an "injury in fact" that is "fairly trace[able] to the challenged action of the defendant" and "redressable by a favorable ruling." *Lujan v.*

---

[3] He contends that a knife cannot be *readily* opened by gravity or centrifugal force "if it does not open by means of a 'wrist-flick' test on the first attempt to do so." (Dkt. 9 at ¶ 80.)

3

*Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citations and internal quotation marks omitted).

To support constitutional standing, the alleged injury must be "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. ___, 134 S. Ct. 2334, 2341 (2014) (some internal quotation marks omitted) (quoting *Lujan*, 504 U.S. at 560). Where a plaintiff challenges a criminal statute "an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Id.* at 2342. Instead, imminent injury can be established by plausible allegations that the plaintiff "inten[ds] to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by . . . statue, and there exists a credible threat of prosecution thereunder." *Id.* (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

Recently, the Second Circuit addressed whether two individual plaintiffs had sufficiently alleged injury in fact in circumstances very similar to those presented here. *See Knife Rights, Inc. v. Vance*, 802 F.3d 377 (2d. Cir. 2015). The *Knife Rights* individual plaintiffs, like Cracco, sought declaratory judgment that Penal Law §§ 265.00(5) and 265.01(1) are void for vagueness, as applied to "common folding knives." *Id.* at 380. The Second Circuit held that plaintiffs had established injury in fact sufficient to confer standing, based on their desire to possess ordinary folding knives and their fear of future prosecution. *Id.* at 380–81.

District Attorney Vance attempts to distinguish *Knife Rights* by characterizing Cracco's injury as the "threat that he will again be stopped by a police officer who will again falsely arrest him for possession of a gravity knife and again omit the number of attempts required to open the knife in the criminal complaint." (Dkt. 35 at 2.) That description misconstrues the complaint. Cracco does not seek an injunction to protect him from future *false arrest*. *Cf. City of L.A. v.*

4

*Lyons*, 461 U.S. 95, 105–06 (1983). He seeks declaratory judgment that carrying a Spyderco Endura 4 (or another similar knife) is lawful. Cracco alleges that he has in the past carried, and wishes to again carry, such a knife. But he does not do so because he fears future prosecution; he cannot confidently determine which knives District Attorney Vance will deem prohibited gravity knives. That fear is real; it is not "conjectural or hypothetical." *Lujan*, 504 U.S. at 560. Cracco has already been charged with a violation for carrying the very knife he wishes to carry again. And District Attorney Vance has not argued that Cracco would not be prosecuted again for that same conduct. *See Knife Rights*, 802 F.3d at 380–81.

*Knife Rights* addressed only whether plaintiffs had established injury in fact. *See id.* at 381. The Court holds here that Cracco has also satisfied the causation and redressability factors in the standing analysis. Cracco's reasonable fear of future prosecution is traceable to the enforcement decisions of District Attorney Vance. And an order enjoining enforcement of §§ 265.00(5) and 265.01(1) against knives which have a bias toward closure, a lockable blade, and the inability to be readily opened by gravity or centrifugal force would provide Cracco the guidance he needs to confidently select a lawful knife.

District Attorney Vance argues that Cracco has failed to establish redressability because a favorable judgment "would not prevent a rogue officer from fabricating the operability of a knife to bring it outside the scope of the court's order." (Dkt. 24 at 14.) Again, District Attorney Vance misconstrues Cracco's complaint by conflating the false-arrest claim (brought under 42 U.S.C. § 1983) with his claim for declaratory judgment. Cracco does not seek declaratory judgment to protect him from another false arrest; he seeks declaratory judgment that his knife choice is lawful.

### b. Equitable Remedy

District Attorney Vance argues that equitable remedy is unwarranted here because Cracco has adequate remedies at law. (*Id.* at 15–17.) Again, District Attorney Vance conflates Cracco's false-arrest and related tort claims with Cracco's claim for declaratory judgment. Monetary damages will not remedy the harm Cracco suffers from the threat of future prosecution arising from his inability to know which knives are prohibited.

### c. Effects of Guilty Plea

District Attorney Vance argues that Cracco's claims under 42 U.S.C. § 1983 are barred by his guilty plea. (*Id.* at 17–19.) The Court agrees.[4] But that does not affect whether Cracco can seek declaratory judgment.

## IV. Merits

District Attorney Vance also moves to dismiss the case on the merits, arguing that Penal Law §§ 265.00(5) and 265.01(1) are not void for vagueness as applied to knives with the characteristics identified by Cracco. But such a determination, particularly in an as-applied challenge such as this, raises factual questions not ripe for adjudication on a motion to dismiss. District Attorney Vance will be free to raise those arguments again after discovery in a motion for summary judgment.

---

[4] The Court dismissed Cracco's § 1983 claims in its prior opinion. (Dkt. 37.) The Court notes that none of Cracco's § 1983 or tort claims were brought against District Attorney Vance.

V.  **Conclusion**

The Court DENIES the motion to dismiss. The Clerk is directed to terminate the motion at Docket No. 22. The parties are directed to submit a civil-case-management plan by January 8, 2016.

Dated: New York, New York
       December 9, 2015

                                    SO ORDERED

                                    _____
                                    PAUL A. CROTTY
                                    United States District Judge