UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
JOSEPH CRACCO,

                Plaintiff,

    - against -

THE CITY OF NEW YORK; Police Officer JONATHAN
CORREA, Shield 7869, Transit Division District 4; Police
Officer JOHN DOE (a fictitious name); and CYRUS R.
VANCE JR., in his official capacity as District Attorney
for the County of New York,

                Defendants.
------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-28-16

14 Civ. 8235 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Joseph Cracco was arrested for possession of a gravity knife. He pleaded guilty to disorderly conduct and paid a fine. Cracco wants to continue carrying the same type of knife that led to his arrest, but fears he will be arrested again. He seeks declaratory judgment against Cyrus R. Vance Jr., in his official capacity as New York County District Attorney, that New York Penal Law §§ 265.00(5) and 265.01(1)—which define the simple possession of a gravity knife as a misdemeanor—are void for vagueness.[1] On December 9, 2015, the Court denied District Attorney Vance's motion to dismiss the claim, and it now denies his motion for reconsideration.[2]

**1.** In its opinion of December 9, 2015, the Court stated: "District Attorney Vance argues that Cracco's claims under 42 U.S.C. § 1983 are barred by his guilty plea. The Court agrees.[4] But that does not affect whether Cracco can seek declaratory judgment." (Dkt. 38 at 6.) Footnote 4 explained: "The Court dismissed Cracco's § 1983 claims in its prior opinion. The Court notes

---

[1] The Court assumes familiarity with the facts, which are set forth in greater detail the Court's two prior opinions. (Dkt. 37, 38.)
[2] Cracco also named as defendants the City of New York, Officer Jonathan Correa, and an unnamed officer, alleging various constitutional and state-law claims. The Court dismissed those claims with prejudice. (Dkt. 37.)

1

that none of Cracco's § 1983 or tort claims were brought against District Attorney Vance." (*Id.* at 6 n.4.) In his motion for reconsideration, District Attorney Vance argues that if the Court in fact "agree[d]" with his position and "dismissed Cracco's § 1983 claims," Cracco's request for a declaratory judgment is unmoored from any cause of action and must be dismissed. *See Chevron Corp. v. Camacho Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201, does not create a cause of action but depends on some "valid legal predicate").

The Court admits it inartfully employed the term "§ 1983 claims" in its prior opinion as shorthand for Cracco's § 1983 claims *seeking damages for conduct arising out of his arrest*. Those claims are barred because a judgment in Cracco's favor would "necessarily imply the invalidity of his conviction." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). But unlike Cracco's damages claims, his § 1983 claim for declaratory relief against District Attorney Vance seeks only prospective relief and casts no doubt on his conviction.[3] As such, that claim has survived both motions to dismiss, and Cracco may seek declaratory relief based on that "valid legal predicate." *Chevron Corp.*, 667 F.3d at 244.

**2.** District Attorney Vance also argues that because Cracco's guilty plea conclusively establishes that his arrest was lawful, his "fears that the statute will be unlawfully applied against him in the future" are too speculative to support standing. (Dkt. 40 at 6.) Not so. The fact that police had probable cause to arrest Cracco as a matter of law—because he later pleaded guilty to

---

[3] *Cf. Edward v. Balisok*, 520 U.S. 641, 649 (1997) (applying the rationale of *Heck* to bar a § 1983 claim for a declaration that prison disciplinary hearing officer was biased because such a declaration would necessarily imply the invalidity of the punishment imposed); *see also Poventud v. City of New York*, 750 F.3d 121, 132 (2d Cir. 2014) (en banc) ("Not every § 1983 claim that arises out of a criminal case requires that the underlying criminal process reach a favorable termination. 'Contrary to the district court's view in this case, *Heck* does not automatically bar a § 1983 claim simply because the processes of the criminal justice system did not end up in the plaintiff's favor. A plaintiff need not prove that any conviction stemming from an incident with the police has been invalidated, only a conviction that could not be reconciled with the claims of his civil action.'") (quoting *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)).

2

disorderly conduct—bears little on Cracco's fear that he will again be arrested for carrying a common folding knife. As explained in the Court's prior opinion, that fear is real. (Dkt. 38 at 3–5.) And it remains so regardless whether his prior arrest was lawful.

\*　　\*　　\*

The Court DENIES the motion for reconsideration. The Clerk is directed to terminate the motion at Docket No. 39.

Dated: New York, New York
　　　　January 28, 2016

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge