**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
**ONE HOGAN PLACE**
**New York, N. Y. 10013**
**(212) 335-9000**



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

January 3, 2017

**BY ECF**
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Joseph Cracco v. City of New York, et al.*, 14 Civ. 8235 (PAC)

Dear Judge Crotty:

On behalf of District Attorney Vance, I write in response to plaintiff's letter dated January 2, 2017 proposing that the stay in the above-captioned matter be lifted and the case proceed to a hearing.

On June 22, 2016, the Court imposed a stay pending the Governor's consideration of the proposed amendment to the gravity knife statute and the resolution of *Copeland, et al. v. Vance, et al.* – a case that, similar to this one, raises a vagueness challenge to the statute. During a telephone conversation with Judge Forrest's chambers on December 6, 2016, her law clerk informed the parties in *Copeland* that the Judge hoped to render a decision by Christmas, so that decision is likely to arrive any day now.

In his January 2nd letter, plaintiff proposes that the stay be lifted and that this case proceed to a hearing at which three witnesses will testify: Plaintiff, his friend who was present at the time of his arrest, and the arresting officer, Police Office John Correa. Plaintiff suggests that this proposal will be more "expeditious" and "cost-effective" than a summary judgment motion. This Office does not agree, for several reasons.

First, it is impossible to determine in advance of receiving the decision the impact that Judge Forrest's resolution of the *Copeland* matter will have on plaintiff's claims in this action. Second, determination of the one factual issue that plaintiff raises

in his letter – namely, how many attempts it took Officer Correa to open his folding knife – can easily be resolved by a short deposition or declaration from Correa after which both or one of the parties may have a clear summary judgment motion. Third, the District Attorney does in fact intend to move for summary judgment, as the Court contemplated would happen in its Order denying our motion to dismiss. ECF No. 38 at 6. Fourth, and in a related vein, it is not more expeditious or cost-effective to conduct a hearing in lieu of briefing, especially as this Office intends to rely on testimony from three other witnesses who we identified during discovery, namely, the Assistant District Attorney assigned to plaintiff's case, Leah Branch, and two other Assistants with knowledge of the manner in which this Office enforces the gravity knife statute, Dan M. Rather and William Beech.

For these reasons, the District Attorney respectfully proposes that the stay remain in place until Judge Forrest issues a decision in *Copeland*, from which point the parties be given thirty days to depose Officer Correa or seek a declaration from him and to file a letter requesting a pre-motion conference and outlining the grounds for any anticipated summary judgment motion.

Respectfully submitted,

/s
Elizabeth Norris Krasnow
Assistant District Attorney