NEW YORK CITY CRIMINAL COURT
NEW YORK COUNTY
------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK   :

           - against -

JOSPEH CRACCO,

           Defendant.
------------------------------------------------------------X

**NOTICE OF MOTION**

CR# 2013CN009690

PERSONS:

    PLEASE TAKE NOTICE that, upon the attached Affirmation of James M. Maloney, Esq., and the attached exhibit thereto, upon the attached Affidavit of Jared Sippel, upon the attached Memorandum of Law, and upon all the prior proceedings had herein, the undersigned will move this Court at Part B on the 14th day of May, 2014, at 9:30 A.M., or as soon thereafter as counsel may be heard, for an order pursuant to CPL §§ 170.30 and/or 170.35, for dismissal of the within misdemeanor complaint purporting to charge Defendant with violation of Penal Law § 265.01(1).

Dated: April 25, 2013

                                  James M. Maloney
                                  Attorney for Defendant
                                  33 Bayview Avenue
                                  Port Washington, NY 11050
                                  (516) 767-1395

TO:

Cyrus R. Vance, Jr.
District Attorney
New York County
One Hogan Place
New York, NY 10013

[stamp: DISTRICT ATTORNEY NEW YORK COUNTY  2014 APR 30 A 10:31  RECEIVED MOTIONS UNIT]

DA 28

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK :

           - against -

Jospeh Cracco,

                    Defendant.
-----------------------------------------------------------x

ATTORNEY'S
AFFIRMATION
IN SUPPORT OF
MOTION

2013CN009690

1. I represent the Defendant in this matter, and have personal knowledge of all facts attested to herein except any stated to be based upon information and belief, and as to those facts I believe them to be true.

2. I submit this affirmation and exhibit, together with the Affidavit of Jared Sippel and the memorandum of law submitted herewith, in support of Defendant's motion pursuant to CPL §§ 170.30 and 170.35 for dismissal of the within misdemeanor complaint purporting to charge Defendant with violation of Penal Law § 265.01(1).

3. Attached hereto as **Exhibit A** is a copy of the misdemeanor complaint, which, upon information and belief, is a true copy thereof. I obtained this copy on or about April 2, 2014, from David Kapner, Esq., of Legal Aid, whose office I relieved in the representation of the Defendant on or about March 18, 2014.

4. Attached following this affirmation and exhibits is the Affidavit of Jared Sippel. I notarized the document after personally interviewing Mr. Sippel, verifying his identity, taking his oath, and observing him read and sign the Affidavit in my presence.

5. Points of law on this motion are addressed in the memorandum of law that follows.

I affirm that the foregoing is true and correct to the best of my knowledge.

Dated: April 25, 2014

                                          James M. Maloney
                                          Attorney for Defendant
                                          33 Bayview Avenue
                                          Port Washington, NY 11050
                                          (516) 767-1395

Page 1 of

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-                                                     MISDEMEANOR

Jospeh Cracco (M 27),

                                           Defendant.

2013CN009690

Police Officer Jonathan Correa, Shield 7869 of the Transit Division District 4, states as follows:

*The defendant is charged with:*

    PL 265.01(1)          Criminal Possession of a Weapon in the Fourth Degree
                                          (defendant #1: 1 count)

On or about October 18, 2013 at about 4:17 P.M., in the subway station at Madison Avenue & East 42nd Street in the County and State of New York, the defendant possessed a gravity knife.

*The factual basis for this charge is as follows:*

    I took one gravity knife from defendant's pants pocket.

    I know that the knife was a gravity knife because I opened the knife with centrifugal force by flicking my wrist while holding the knife, thereby releasing the blade which locked in place by means of an automatic device that did not require manual locking.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

_____            11·13·13        1027
Police Officer Jonathan Correa                                 Date       Time

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK :

    - against -

Jospeh Cracco (M 27),

                      Defendant.
---------------------------------------------------------------x

**AFFIDAVIT OF JARED SIPPEL**

2013CN009690

**JARED SIPPEL**, having been duly sworn, declares as follows:

1. On or about October 18, 2013, at about 4:17 P.M., in the subway station at Madison Avene & East 42nd Street in the County and State of New York, I was present with the defendant, Mr. Cracco, who is known to me, when Police Officer Jonathan Correa approached Mr. Cracco and asked him for his pocket knife.

2. I personally observed Police Officer Jonathan Correa take the knife from Mr. Cracco and, without leaving my sight, attempt repeatedly to open the knife by means of centrifugal (centripetal) force by flicking his wrist suddenly and forcibly while holding the knife in one hand. For the first few attempts, Officer Correa was completely unable to open the knife by that means, so he increased the amount of force and wrist swing that he imparted to the knife. Eventually it did open. I would estimate that Officer Correa tried four or five times before the knife finally swung open. He did not try again after that.

I declare that the foregoing is true and correct to the best of my knowledge.

_____
JARED SIPPEL

Subscribed and sworn to before me this
__22nd__ day of April, 2014

_____
Notary Public

JAMES M. MALONEY
Notary Public, State of New York
No. 02MA5067250
Qualified in Nassau County
Commission Expires  10/05/2014

DA 32

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK      :
                                         :           2013CN009690
            - against -                  :
                                         :
Jospeh Cracco,                           :
                     Defendant.          :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

Introduction .................................................................................... 1
The Court of Appeals Requirements As Set Forth in *People v. Dreyden* ................. 2
The Sippel Affidavit, and the Federal Case ............................................. 3
The Void-For-Vagueness Doctrine .......................................................... 5
Conclusion ..................................................................................... 7

Introduction

The Defendant is accused of violation of Penal Law § 265.01(1) for possession of a "gravity knife," which is defined as "any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device." *Id.* at § 265.00(5). On or about October 18, 2013, Defendant was approached by New York City Police Officer Jonathan Correa, Shield 7869 of Transit Division District 4 (hereinafter "P.O. Correa"), who asked Defendant if he had a knife in his pocket and then took a knife from Defendant's pocket. *See* misdemeanor complaint herein, Exhibit A to Affirmation of James M. Maloney (hereinafter, the "Misdemeanor Complaint").

It is Defendant's contention that the Misdemeanor Complaint is fatally defective and, further, that the statutory prohibition of possession of "gravity knife," under the circumstances present here, would be void for vagueness as applied.

The factual basis for the charge, as set forth in the Misdemeanor Complaint, sworn to by "P.O. Correa, consists entirely of the following two sentences: "**I took one gravity knife from defendant's pants pocket. I know that the knife was a gravity knife because I opened the knife with centrifugal force by flicking my wrist while holding the knife, thereby releasing the blade which locked into place by means of an automatic device that did not require manual locking.**"

<u>The Court of Appeals Requirements As Set Forth in *People v. Dreyden*</u>

In *People v. Dreyden*, 15 N.Y.3d 100, 905 N.Y.S.2d 542 (2010), the New York Court of Appeals held as follows:

> A conclusory statement that an object recovered from a defendant is a gravity knife does not alone meet the reasonable cause requirement. An arresting officer should, *at the very least*, explain briefly, *with reference to his training and experience*, how he or she formed the belief that the object observed in defendant's possession was a gravity knife.

15 N.Y. at 104, 905 N.Y.S.2d at 544 (emphasis added).

The Court of Appeals thus made it abundantly clear that an arresting officer's accusatory instrument charging a defendant with possession of a gravity knife must "at the very least" refer to the arresting officer's "training and experience" in establishing that the knife was a gravity knife (as opposed to many other kinds of knives, the *per se* possession of which has not been banned by statute). Here, the Misdemeanor Complaint makes no reference whatsoever to P.O. Correa's training and experience. Therefore, it is clearly defective (even jurisdictionally so, *see id.*, 15 N.Y. at 103, 905 N.Y.S.2d at 544).

**On this basis alone, the Misdemeanor Complaint must be dismissed.**

Even more forcefully mandating dismissal here, the defect in this case goes to the heart of the very issue that the Court of Appeals was addressing:

> Not every knife is a weapon for purposes of Penal Law § 265.01(1), which specifically outlaws possession of a gravity knife, among other weapons. The Penal Law defines a gravity knife as one with a blade that (1) "is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force" and that (2) "when released, is locked in place by means of a button, spring, lever or other device" (Penal Law § 265.00 [5]). This definition ***distinguishes***

Page 2 of 7

DA 34

> *gravity knives* from certain folding knives that cannot *readily* be opened by gravity or centrifugal force . . .

*Dreyden*, 15 N.Y. at 103-04, 905 N.Y.S.2d at 544 (emphasis added). It logically flows from the above that a folding knife that cannot be *readily* opened by gravity or centrifugal force is not a gravity knife. Here, P.O. Correa neither referred to his training and experience nor to any observation on his part that the knife could "readily" be opened by centrifugal force. He stated only: "I know that the knife was a gravity knife because I opened the knife with centrifugal force by flicking my wrist while holding the knife." Not only did this statement fail to indicate, as discussed above, that the officer had ever any training in applying the standards articulated by the Court of Appeals some three years earlier in *Dreyden*,[1] but it also did not, for example, indicate how many times the officer had to try to get the knife to open against its natural tendency to remain closed.

### The Sippel Affidavit, and the Federal Case

As it happened, the entire police-citizen encounter between P.O. Correa and the Defendant was witnessed by a third party, Jared Sippel, whose affidavit is submitted herewith and appears immediately following the Misdemeanor Complaint (Exhibit A). Mr. Sippel has sworn under oath to having witnessed the following:

> I personally observed Police Officer Jonathan Correa take the knife from Mr. Cracco and, without leaving my sight, attempt repeatedly to open the knife by means of centrifugal (centripetal) force by flicking his wrist suddenly and forcibly while holding the knife in one hand. For the first few attempts, Officer Correa was completely unable to open the knife by that means, so he increased the amount of force and wrist swing that he imparted to the knife. Eventually it did open. I would estimate that Officer Correa tried four or five times before the knife finally swung open. He did not try again after that.

Affidavit of Jared Sippel at ¶ 2.

There obviously remains a possible factual dispute that would materialize should P.O.

---

[1] *Dreyden*, as discussed above, holds that a folding knife that cannot be *readily* opened by gravity or centrifugal force is not a gravity knife. Applying that standard would require an officer to differentiate between a knife that may readily be opened by centrifugal force and one that may not. This the Misdemeanor Complaint also fails to do.

Correa swear to having a different recollection of the events, but were the People to raise that factual dispute—or even to resolve it in their favor—that still would not change the fundamental flaw in the Misdemeanor Complaint itself, i.e., that it makes no reference whatsoever to P.O. Correa's training and experience, as is expressly required in *Dreyden*.

Nevertheless, in the interest of justice, it is worthwhile to bring to the attention of this Court the information gained from Mr. Sippel, a witness who uninterruptedly observed P.O. Correa's repeated attempts to open the knife before it eventually opened. According to Mr. Sippel's observations, the knife repeatedly (4-5 times) resisted opening by P.O. Correa's attempted "wrist-flicking," and therefore was not capable of "readily be[ing] opened by . . . centrifugal force," *Dreyden*, 15 N.Y. at 103-04, 905 N.Y.S.2d at 544.

Related to the foregoing, it should also be brought to the attention of this Court the fact that allegations consistent with Mr. Sippel's observations were recently made in a federal civil action, captioned *Knife Rights, et al. v. Cyrus Vance, Jr., et al.*, 11 Civ. 3918 (S.D.N.Y.), which challenged the manner of enforcement of the "gravity knife" prohibition in New York City. Specifically, one of the two individual plaintiffs in that case, John Copeland, alleged that he had been stopped by police in October 2010 by NYPD police officers who later "stated that they could open the [knife in his possession] by grasping the knife's handle and forcefully 'flicking' the knife body downwards. The NYPD police officers charged Mr. Copeland with Criminal Possession of a Weapon in the Fourth Degree [Penal Law § 265.01(1)] by issuing him a Desk Appearance Ticket." Amended Complaint at ¶¶ 25, 30 (true copy annexed as an Appendix to this brief).[2] Significantly, Mr. Copeland also alleged that, prior to the October 2010 charge, he had shown the same knife to other NYPD officers on two separate occasions, and that "[b]oth officers had tried to open the knife from its closed position using a 'flicking' motion, but they

---

[2] The federal court never reached the merits of the plaintiffs' claims, instead dismissing the case on the ground that they lacked standing to sue. *Knife Rights, Inc. v. Vance*, 2013 WL 5434610 (S.D.N.Y. Sept. 25, 2013). It appears from the opinion dismissing the action that neither of the individual plaintiffs, while a criminal defendant, had challenged the sufficiency of the accustaory instrument or argued that the "gravity knife" prohibition was void for vagueness as applied. This appears to have been part of the basis for the Court's finding that those plaintiffs lacked standing, *see id.* at * 3.

could not, so they told Mr. Copeland that the knife was legal and returned it to him." *Id.* at ¶ 29.

The knife that Mr. Copeland possessed, like the one that the Defendant in this case possessed, was thus not capable of "readily be[ing] opened by . . . centrifugal force," *Dreyden*, 15 N.Y. at 103-04, 905 N.Y.S.2d at 544, but both individuals were nevertheless charged with possessing "gravity" knives, the *per se* possession of which is defined as a misdemeanor. In neither case, of course, was intent to use the knife as a weapon an element of the charged crime, nor was such behavior alleged. That misdemeanor criminal prosecutions should arise under such circumstances, where the question of whether a given folding knife in a citizen's possession will be deemed a "gravity" knife turns entirely on whether a given police officer is able to "flick" it open, perhaps after repeated tries,[3] is disturbing.

It is disturbing, of course, because it offends basic principles of criminal justice.

The Void-For-Vagueness Doctrine

In a 2003 opinion, Judge Rosenblatt of the Court of Appeals wrote a historical summary of the evolution of the void-for-vagueness doctrine, describing its progression from a general principle of criminal justice to a constitutional (due process) doctrine:

> It is axiomatic that a proscriptive law must provide people with reasonable notice of the conduct it prohibits. Defendant's challenge goes to the core of this precept. While he properly couches his argument in due process terms, courts had recognized the concept long before it took on constitutional status under the Fifth and Fourteenth Amendments. The point was made in this country's jurisprudential infancy, when almost two centuries ago a court explained that, as a rule of statutory construction, indefiniteness is a ground for nullification of penal laws. The court said: "It should be a principle of every criminal code, and certainly belongs to ours, that no person be adjudged guilty of an offence unless it be created and promulgated in terms which leave no reasonable doubt of their meaning" (*The Enterprise*, 1 Paine 32, 8 F. Cas. 732, 734 (1810)). The Supreme Court repeated the theme in *United States v. Brewer*, 139 U.S. 278, 288, 11 S. Ct. 538, 35 L. Ed. 190 (1891), still with no mention of the Constitution. Instead, these early decisions relied mostly on the familiar rule of construction that penal

---

[3] In Mr. Copeland's case, it is unclear from the pleading attached as the Appendix hereto how many times the arresting officer(s) had to "flick" the knife to get it to open. However, that other officers were unable to open it would indicate that it was not capable of "readily" being opened.

> laws should be construed strictly, in the accused's favor (see Note, *Indefinite Criteria of Definiteness in Statutes*, 45 Harv. L. Rev. 160, 160 n. 2 (1931) (hereinafter Note, *Indefinite Criteria*)).
>
> Courts soon came to believe that prosecution under a nullified or "void" statute amounts to a constitutional violation *(see International Harvester Co. v. Kentucky*, 234 U.S. 216, 34 S. Ct. 853, 58 L. Ed. 1284 [1914]; see generally Note, *Indefinite Criteria*, 45 Harv. L. Rev. at 160 n. 3). Eventually, the Supreme Court characterized vagueness as a due process infirmity, holding that a "statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law" *(see Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 70 L. Ed. 322 (1926)).
>
> Our own decisional law took a similar path. We spoke early of the need for clear statutory warnings to alert people as to prohibited conduct *(see People v. Phyfe*, 136 N.Y. 554, 558 559, 32 N.E. 978 (1893); *see also People v. Taylor*, 192 N.Y. 398, 400, 85 N.E. 759 (1908)). By 1932, we equated vagueness with unconstitutionality *(see People v. Grogan*, 260 N.Y. 138, 145 149, 183 N.E. 273 (1932)) and in 1973 struck down a vague loitering statute on due process grounds *(see People v. Berck*, 32 N.Y.2d 567, 347 N.Y.S.2d 33, 300 N.E.2d 411 (1973)). We did so again nine years later when dealing with a noise control ordinance *(see People v. New York Trap Rock Corp.*, 57 N.Y.2d 371, 456 N.Y.S.2d 711, 442 N.E.2d 1222 (1982)), and most recently, when upholding a challenge to another loitering statute *(see People v. Bright*, 71 N.Y.2d 376, 526 N.Y.S.2d 66, 520 N.E.2d 1355 (1988)).

*People v. Stuart*, 100 N.Y.2d 412, 418-19, 765 N.Y.S.2d 1, 3 (2003) (footnotes omitted).

It is clear from the above history that the void-for-vagueness doctrine may be viewed as either a due process concept or as an even more fundamental—and historically more ancient—principle of criminal justice. Simply put, in the context of this case, if an individual is to be prosecuted for possession of a "gravity knife," it ought to be clear what sorts of folding knives are prohibited, since some are prohibited and some are not. The statutory definition of a "gravity knife" is "any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device," Penal Law § 265.00(5). The Court of Appeals, in turn, has said: "This definition distinguishes gravity knives from certain folding knives that cannot *readily* be opened by gravity or centrifugal force," *Dreyden, supra*, 15 N.Y. at

103-04, 905 N.Y.S.2d at 544 (emphasis added). In that same case, the Court said: "An arresting officer should, *at the very least*, explain briefly, *with reference to his training and experience*, how he or she formed the belief that the object observed in defendant's possession was a gravity knife." *Id.*, 15 N.Y. at 104, 905 N.Y.S.2d at 544 (emphasis added). This the Misdemeanor Complaint has utterly failed to do.

The Court of Appeals in *Dreyden* clearly sought to eliminate any vagueness in the statute, both (1) by requiring that the arresting officer explain, with reference to his training and experience, how he or she formed the belief that the object observed in defendant's possession was a gravity knife and (2) by reading the definition to impose the requirement that a "gravity knife" be *readily* be opened by gravity or centrifugal force.

Conclusion

For all of the foregoing reasons, the Misdemeanor Complaint should be DISMISSED.

Dated: April 25, 2014

Respectfully submitted,

James M. Maloney
Attorney for Defendant
33 Bayview Avenue
Port Washington, NY 11050
(516) 767-1395
maritimelaw@nyu.edu

DA 39