CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART B

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>JOSPEH CRACCO,<br><br>　　　　　　　　　　Defendant. | AFFIDAVIT IN RESPONSE TO THE DEFENDANT'S OMNIBUS MOTION<br><br>Docket No. 2013CN009690 |

LEAH BRANCH, being duly sworn, deposes and states that:

1. I am an Assistant District Attorney in New York County awaiting admission to the Bar. I have been designated by CYRUS R. VANCE, JR., the New York County District Attorney, to prosecute the above-captioned case and am fully familiar with its facts.

2. This affidavit is submitted in response to the defendant's omnibus motion in which the defendant seeks dismissal of the information as facially insufficient.

### PEOPLE'S RESPONSE TO THE DEFENDANT'S MOTION TO DISMISS FOR FACIAL INSUFFICIENCY

3. The defendant has moved to dismiss the information, or a count thereof, as insufficient on its face. It is well settled that an information and/or any supporting depositions must contain "[n]on-hearsay allegations [which] establish, if true, every

element of the offense charged and the defendant's commission thereof." CPL §100.40(1) (c); see, People v. Alejandro, 70 N.Y.2d 133 (1987). This "prima facie" case requirement is designed to afford a defendant notice of the charges against him and to prevent baseless prosecutions. Id. at 137-38. Thus, "[h]owever awkwardly an information may be drawn, if it charges an offense ... and states acts done by the accused that constitute it, that will be sufficient." People v. Love, 306 N.Y. 18, 23 (1953). Therefore, a complaint is facially sufficient if the facts as presented in the four corners of the complaint establish the existence of a "prima facie case," even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. See People v. Jennings, 69 N.Y.2d 103, 115, 512 N.Y.S.2d 652, 504 N.E. 2d 1079 (1986).

4. Applying these principles to the instant matter, by reading the facts alleged in the complaint in the light most favorable to the prosecution, the complaint establishes a prima facie case of Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01(1)). Under section 265.01(1), a gravity knife is defined as a knife that has a blade which is released from the handle or sheath by the force of gravity or the application of centrifugal force which, when released, is locked in place by means of a button, spring, lever or other device. The Penal Law imposes a simple functional test—holding the knife by the handle and by a flick of the wrist opening the blade into a locked position—to determine whether a knife constitutes an illegal gravity knife, regardless of its make, model, or intended use. See People v Neal, 79 AD3d 523 (1st Dept. 2010) (evidence that an officer "could open the knife by using

centrifugal force, created by flicking his wrist, and the blade automatically locked in place after being released" was sufficient to confirm that the knife conformed to the statutory definition of a gravity knife); but see, People v Zuniga, 303 AD2d 773 (2d Dept 2003) (a "butterfly knife" does not constitute a gravity knife because it requires manual locking).

5. In the instant matter Police Officer Jonathan Correa states that he knew the knife recovered from the defendant was a gravity knife because he opened the knife with centrifugal force by flicking his wrist while holding the knife, thereby releasing the blade which locked in place by means of an automatic device that did not require manual locking. The Police Officer's observations as outlined in the complaint meet the "functional test" required under the Penal Law. Accordingly, the defendant's motion to dismiss for facial insufficiency should be denied.

6. The defendant argues that the complaint is facially insufficient under People v. Dreyden, 15 N.Y.3d 100 because it does not provide an adequate basis for the charges; namely, a basis to believe that the knife in question is a gravity knife.
- However, the facts in Dreyden are distinct from the instant matter. In Dreyden, "the misdemeanor complaint included no nonconclusory allegations establishing the basis of the arresting officer's belief that defendant's knife was a gravity knife as defined in the statute—only a conclusory statement that the police officer had obseed the defendant in possession of a gravity knife and recovered one from him." Id. At 102.

The court held that such a conclusory complaint was not sufficient as the instrument did not provide any factual information as to why the knife is a gravity knife.

7. Unlike Dreyden, the instant complaint not only states that the weapon recovered from the defendant is a gravity knife but includes a full description of why the officer knew the knife is a gravity knife. Because the complaint provides a factual basis for Police Officer Correa's conclusions, it is not merely conclusory. Instead, the criminal complaint provides the necessary factual basis and conclusion establishing a prima facie case for the crime charged.

8. Finally, the affidavit filed by the defense witness does not negate the validity of the complaint and instead raises factual issues to be adjudicated at trial. The sufficiency of the complaint must be judged not on collateral fact finding but instead on the four corners of the document itself. The affidavit conflicts with Police Officer Correa's statements in the complaint but does not negate the sufficiency of the charging instrument. Instead, it merely presents a possible defense that can be litigated at trial.

Wherefore, it is respectfully requested that, except as consented to herein, the defendant's motion should be denied.

Dated:       New York, New York
             May 14, 2014

                                        Respectfully submitted,

                                        Cyrus R. Vance, Jr.
                                        District Attorney
                                        New York County

                                        By: _____
                                            Leah Branch
                                            Assistant District Attorney
                                            Of Counsel
                                            212 335-4226

Sworn to before me this
14th day of May, 2014

_____
Notary Public

MALLORY B. EVANS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01EV6279072
Qualified In Kings County
My Commission Expires April 08, 2017