UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH CRACCO,

                            Plaintiff,

                            14-cv-8235 (PAC)

              - against -

                            **Rule 56.1 Statement**

THE CITY OF NEW YORK, Police Officer
JONATHAN CORREA, Shield 7869, Transit Division
District 4, Police Officer JOHN DOE (a fictitious name),
and CYRUS R. VANCE, JR., in his official capacity as
District Attorney for the County of New York,

                           Defendants.

------------------------------------------------------------------------X

      Plaintiff, JOSEPH CRACCO, by his attorney, James M. Maloney, Esq., in support of his Rule 56 motion for partial summary judgment in connection with the Ninth Cause of Action as pleaded in the Amended Complaint (Document 9),[1] hereby submits this statement of undisputed material facts.

      1. Former defendant Police Officer JONATHAN CORREA (dismissed from this action by Order dated November 4, 2015 (Document 37)), charged Plaintiff with possession of a "gravity knife" in putative violation of New York Penal Law § 265.01 based on Plaintiff's possession of a folding knife on or about October 18, 2013. Misdemeanor Complaint (Exhibit A to Amended Complaint herein (Document 9-1)) (copy attached as Exhibit 1 to Declaration of James M. Maloney submitted herewith).

      2. Police Officer JONATHAN CORREA had to apply the "wrist-flick test" four to five times to get Plaintiff's folding knife to open, that is, it did not open by means of gravity or centrifugal force on the first, second, or even the third or possibly the fourth application of the "wrist-flick test." Affidavit of Jared Sippel (Exhibit B to Amended Complaint herein (Document 9-2)) (copy attached as Exhibit 2 to Declaration of James M. Maloney submitted herewith) (stating in ¶ 2 that "I would estimate that Officer Correa tried four or five times before the knife finally swung open."); excerpt from transcript of May 11, 2016, deposition of Jared Sippel at 15:19 to 16:2 (copy of cover page and pages 14-16 attached as Exhibit 3 to Declaration of James M. Maloney submitted herewith) ("Q: How many attempts [flicks of the officer's wrist] did it take to open the knife? A: I would say at least four, if not more." (15:23 to 16:2)); excerpt from transcript of May 11, 2016, deposition of Plaintiff JOSEPH CRACCO at 61:19 to 62:23 (copy of cover page and pages 50-62 attached as Exhibit 4 to Declaration of James M. Maloney

---

[1] All references to "Document [number]" are to documents previously filed herein as identified numerically on the electronic docket sheet.

submitted herewith) ("Q: When you say that it took him five tries to open the knife, do you mean that it took him five flicks of his wrist to open the knife?  A: Yes.  Q: Did the knife open on the fifth time that Officer Correa flicked his wrist?  A: Yes." (62:16-23)).

       3. Police Officer JONATHAN CORREA has never testified or otherwise stated under oath, either in this litigation or in the underlying criminal matter, anything to the contrary to that stated in the preceding paragraph regarding the number of tries of the "wrist-flick test" that were required to open the knife.  *See* Misdemeanor Complaint (Exhibit A to Amended Complaint herein (Document 9-1)) (copy attached as Exhibit 1 to Declaration of James M. Maloney submitted herewith) (stating "I opened the knife with centrifugal force by flicking my wrist while holding the knife" but not stating the number of attempts it took to get the knife to open by that means).

       4. In prosecuting Plaintiff JOSEPH CRACCO, Defendant CYRUS R. VANCE,  JR. relied on Police Officer JONATHAN CORREA's Misdemeanor Complaint (Exhibit A to Amended Complaint (ECF Doc. No. 9-1)), which, as noted, did not state how many attempts the police officer had made to open the knife before it actually opened, even though Plaintiff JOSEPH CRACCO had submitted the Affidavit of Jared Sippel (Exhibit B to Amended Complaint herein (Document 9-2)) (copy attached as Exhibit 2 to Declaration of James M. Maloney submitted herewith), and even though Police Officer JONATHAN CORREA never testified or stated under oath in the underlying criminal matter how many tries of the "wrist-flick test" were required to open the knife, with Defendant CYRUS R. VANCE,  JR. taking the position that "the affidavit filed by the defense witness does not negate the validity of the complaint and instead raises factual issues to be adjudicated at trial."  Affidavit submitted by CYRUS R. VANCE,  JR. (Exhibit 5 to Declaration of James M. Maloney submitted herewith) (same as pages 9-13 of Exhibit D to Amended Complaint herein (Document 9-1) except that Document 9-1 contains handwritten notes made on attorney copy before filing whereas Exhibit 5 was produced by Defendant CYRUS R. VANCE,  JR. in discovery in this litigation).

       5. Thus, even after a showing had been made that it took several attempts for Police Officer JONATHAN CORREA to open Plaintiff JOSEPH CRACCO's knife and a motion had been made on that basis in criminal court to dismiss the Misdemeanor Complaint, Defendant CYRUS R. VANCE,  JR. continued to prosecute Mr. Cracco solely on the basis of a Misdemeanor Complaint that was silent as to the number of tries of the "wrist-flick test" that were required to open the knife.

                                        /s
                         JAMES M. MALONEY (JM-5297)
                         Attorney for Plaintiff
                         33 Bayview Avenue
                         Port Washington, New York 11050

                         April 21, 2017

TO: all parties/counsel via ECF