UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

JOSEPH CRACCO,

                                        Plaintiff,

                                                                            14-cv-8235 (PAC)

                    - against -

THE CITY OF NEW YORK, Police Officer
JONATHAN CORREA, Shield 7869, Transit Division
District 4, Police Officer JOHN DOE (a fictitious name),
and CYRUS R. VANCE,  JR., in his official capacity as
District Attorney for the County of New York,

                                        Defendants.

---------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 56 MOTION
FOR PARTIAL SUMMARY JUDGMENT IN CONNECTION WITH THE
NINTH CAUSE OF ACTION AS PLEADED IN THE AMENDED COMPLAINT**


James M. Maloney (JM-5297)
Attorney for Plaintiff
33 Bayview Avenue
Port Washington, New York 11050
(516) 767-1395
maritimelaw@nyu.edu

## TABLE OF CONTENTS TO THE BRIEF

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
GOVERNOR CUOMO'S VETO MESSAGE OF DECEMBER 31, 2016 . . . . . . . . . . . . . . 3
HOLDINGS AND *DICTA* IN THE *COPELAND* DECISION OF JANUARY 27, 2017 . . . . . 5
PLAINTIFF'S AS-APPLIED CHALLENGE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of the plaintiff's Rule 56 motion for

partial summary judgment in connection with the Ninth Cause of Action as pleaded in the

Amended Complaint, which alleges in pertinent part the following:

79. If a given folding knife cannot reliably be opened by a police officer's "wrist-flick" maneuver, which reasonably means that it must open by such means on the first and virtually every attempt to do so, it is not capable of being "readily" opened by gravity or centrifugal force as required under *People v. Dreyden*, and cannot, under principles of due process including the void-for-vagueness doctrine, give rise to a criminal prosecution for possession of a "gravity knife."

80. Accordingly, Plaintiff seeks, in this cause of action, as against Defendant VANCE and his successor(s) in their official capacity, a declaration that §§ 265.00(5) and 265.01(1) of the Penal Law of the State of New York, which define the simple possession of a "gravity knife" as a crime, are void for vagueness as applied to criminal prosecutions for the simple possession of any folding knife that has the following three specific characteristics: (a) a "bias toward closure" . . . (b) a "lockable" blade . . . and (c) the inability to be readily [ ] opened by gravity or centrifugal force, **with the specific finding of law in connection with this last characteristic that any knife that does not open by means of a "wrist-flick" test on the first attempt to do so cannot be readily opened by gravity or centrifugal force and therefore cannot be the basis for a criminal prosecution for mere possession under §§ 265.00(5) and 265.01(1) of the Penal Law of the State of New York**.

Amended Complaint (Document 9),[1] at pages 17-18 (internal cross-references and redundancies

---

[1] All references to "Document [number]" are to documents previously filed herein as identified numerically on the electronic docket sheet.

omitted) (emphasis added in bold).

The crux of the declaration sought from this Court is the portion in bold type above.   In the recent case of *Copeland v. Vance*, ___ F. Supp. 3d ___, 2017 WL 383357, 11 Civ. 3918 (KBF) (January 27, 2017) (Slip Opinion annexed hereto as Appendix 1), this District has already determined that the definition of what constitutes a "gravity knife" under the applicable statutes is a functional one, and that the "wrist-flick test" may properly be used to identify gravity knives. *See, e.g.*, Slip Opinion at 6, 2017 WL 383357 at \*3.   However, the *Copeland* court did not address, except in *dicta* in a footnote and incompletely, how many times the wrist-flick test may be applied unsuccessfully to a given knife before it opens while still considering such a knife to be a gravity knife readily capable of being opened by centrifugal force.   The declaratory judgment proposed in this action would apply a simple, pragmatic standard: if the knife may be opened on the first try by the arresting officer using the wrist-flick test, it is *per se* capable of being readily opened by that means and therefore may give rise to a criminal prosecution for mere possession of the knife under §§ 265.00(5) and 265.01(1) of the Penal Law of the State of New York, whereas if the knife may <u>not</u> be opened on the first try by the arresting officer, it is <u>not</u> capable of being readily opened by that means and may <u>not</u> give rise to a criminal prosecution.   While this standard may be imperfect (if, for example, the officer fumbles on the first try, a person with a knife that would otherwise qualify as a gravity knife may escape prosecution), it would: (1) add some degree of certainty to the question of whether a given knife could give rise to a criminal prosecution, since most knives capable of being opened on the first try could be opened by their owners by that means as well as by police; (2) reduce the vagueness inherent in prosecuting individuals who did not know that their pocket knives could be opened by that means; and (3) bring the enforcement of the gravity knife statute in New York City into better conformity with the standard articulated by the New York Court of Appeals in  *People v.*

-2-

*Dreyden*, 15 N.Y.3d 100, 905 N.Y.S.2d 542 (2010):

> Not every knife is a weapon for purposes of Penal Law § 265.01(1), which specifically outlaws possession of a gravity knife, among other weapons. The Penal Law defines a gravity knife as one with a blade that (1) "is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force" and that (2) "when released, is locked in place by means of a button, spring, lever or other device" (Penal Law § 265.00 [5]). This definition ***distinguishes gravity knives*** from certain folding knives that cannot ***readily*** be opened by gravity or centrifugal force . . .

*Dreyden*, 15 N.Y. at 103-04, 905 N.Y.S.2d at 544 (emphasis added).  (It logically flows from the above that a folding knife that cannot be *readily* opened by gravity or centrifugal force is not a gravity knife for purposes of criminal prosecution.)

Finally, a declaration such as that proposed here would go a long way toward ameliorating or even putting to an end a crisis that has for several years vexed the Courts and frustrated the other two branches of state government, i.e., the Legislature and the Executive.


## GOVERNOR CUOMO'S VETO MESSAGE OF DECEMBER 31, 2016

The frustration of attempts by the Legislature, and of concern by the Executive, in connection with the gravity-knife enforcement problem, are perhaps best illustrated by reference to the Governor's recent veto of Assembly Bill Number 9042-A, which was entitled, "AN ACT to amend the penal law, in relation to the definitions of a switchblade knife and a gravity knife," and which passed both Houses on June 16, 2016, the very same day that the trial on the papers in *Copeland v. Vance* was completed.

The Governor's veto message (a true copy of which is annexed hereto as Appendix 2) notes in its second paragraph that the bill "highlights a serious conflict between (1) protecting public safety and (2) addressing an absurd contradiction in existing commercial and enforcement practices."  The referenced "absurd[ity]" is more fully addressed in the fourth paragraph:

> Notwithstanding those public safety concerns, under current New York law and practice, knives that are classified as "gravity knives" are designed, marketed and sold as work tools for construction workers and day laborers at a variety of major retailers across the State. However, any person who goes into a store and purchases the product can be subsequently arrested and prosecuted for mere possession. This construct is absurd and must be addressed but this bill unfortunately does not address it.

What the Governor's veto message does not mention is that the vast majority of such arrests and prosecutions occur in New York City, and that the majority of those occur in New York County under the authority and discretion of Defendant VANCE. Whether this Court chooses to take judicial notice of that fact is probably immaterial, as the important facts here are: (1) that the plaintiff herein was arrested and prosecuted for possession of a knife that could not be "readily" opened as evidenced by the fact that it took the arresting officer four or five tries to open it by means of the wrist-flick test; and (2) that Defendant VANCE continued to prosecute the plaintiff for such possession notwithstanding (a) that evidence of the number of attempts required to open the knife was put forth in motion practice, and (b) that the accusatory instrument failed to state the number of attempts that had been required to open the knife. See Rule 56.1 Statement submitted herewith and supporting documents.

Accordingly, it is respectfully submitted that this matter is ripe for summary judgment as to the declaratory judgment sought, notwithstanding that the arresting officer has never given a sworn statement about the number of attempts that were required to open the knife, and that the plaintiff has standing to seek such declaratory judgment. In short, the matter is fully justiciable and amenable to final judgment on this sole remaining claim (all claims as against the City of New York and the officer having been dismissed).

## HOLDINGS AND *DICTA* IN THE *COPELAND* DECISION OF JANUARY 27, 2017

As described briefly in the Preliminary Statement above, the *Copeland* court held:

> There is no dispute that the definition of a gravity knife, as drafted in the statute, is a functional one.  To determine whether a particular knife meets that statutory definition, defendants utilize the "Wrist Flick test."  The Wrist Flick test is just what its name suggests: using the force of a one-handed flick-of-the-wrist to determine whether a knife will open from a closed position.  Both the statutory text and existing New York precedent make clear that the Wrist Flick test measures whether a knife opens by centrifugal force.

*Copeland*, Slip Opinion at 6, 2017 WL 383357 at *3 (footnote omitted).

The decision goes on to note in its footnote 8 (Slip Opinion at 7, 2017 WL 383357 at *3) that the gravity knife statute "does not, on its face, require any particular number of applications of gravity or centrifugal force."   In that same footnote, the court cites with approval two cases (from the Appellate Division, First Department and from this District, respectively)  that apparently found it inconsequential that "the knife malfunctioned on some of the detective's attempts to operate it" and that had stated that "under New York law, a knife need not work consistently in order to support the finding that it is a gravity knife."

But the *Copeland* court's footnote on this point is clearly *dicta*, since, as the decision holds elsewhere in several places, the *Copeland* plaintiffs were relying on "hypotheticals . . . not supported by the record."  Slip Opinion at 34, 2017 WL 383357 at *14.  Here, in contrast, the record supports the facts that plaintiff was charged with possessing a knife that even the arresting officer could not open by means of the wrist-flick test for the first four or five tries, and that the plaintiff was prosecuted despite such evidence having been in the record and without the accusatory instrument having stated the number of attempts it took to open the knife.

The incongruity between the recognition of the "definition of a gravity knife" as being "a functional one," on the one hand, and, on the other, a policy that would allow a knife to give rise to a prosecution notwithstanding a "malfunction" when the wrist-flick test is applied, is obvious.

-5-

If the definition is indeed "functional," the test must measure "function" and cannot simply treat failure to open with the wrist-flick test as an inconsequential "malfunction." To do so would be tantamount to having no functional test at all.

Further, to permit prosecution where a knife could not be opened by the wrist-flick test because of a putative "malfunction" would be at odds with the explanation of the functional definition already given by the State's highest Court in *Dreyden*, namely, that the statutory definition "distinguishes gravity knives from certain folding knives that cannot readily be opened by gravity or centrifugal force."[2] Even more pragmatically, if a gravity knife is considered a dangerous weapon because it can be opened with a flick of the wrist, *cf.* footnote 6 of the *Copeland* opinion,[3] it follows that its inability to be *readily* opened in that manner (i.e., on the first and every try) renders it far less dangerous. This, is of course, consistent with the explanation in *Dreyden*.

Relatedly, at oral argument before the Second Circuit on January 13, 2015, in the case of *Knife Rights, Inc., et al. v. Cyrus Vance, Jr., et al.*, Docket No. 13-4840 (same as the *Copeland* case before remand), at which the undersigned was present as an observer, counsel for District Attorney Vance admitted, in response to a hypothetical question from the bench, that a knife that took twenty tries to open by means of the wrist-flick test would not be capable of being readily opened as required under *Dreyden*.[4] While this may beg the question as to where the proper cutoff between "one try" and "twenty tries" may lie, it is an admission by the Defendant that the

---

[2] See block-quoted passage at page 3, *supra*.

[3] There the court notes that "[t]hen [in 1957], as now, knives which could be opened by a flick of the wrist were considered to be particularly dangerous." Slip Opinion at 6, 2017 WL 383357 at *3.

[4] The audiorecording of that oral argument was produced to opposing counsel in this litigation and will be made available to this Court upon request.

*Dreyden* standard has meaning and that the functional wrist-flick test may not completely ignore "malfunctions" in favor of prosecutability. It is respectfully suggested that "one try" is the proper standard because it accords with reliability and predictability better than any standard that would "forgive" a certain number of "malfunctions."

Finally, even the *Copeland* decision itself acknowledges the *Dreyden* standard, for at footnote 10 (Slip Opinion at 9, 2017 WL 383357 at *4), the court distinguishes *United States v. Irizarry*, 509 F. Supp. 2d 198 (E.D.N.Y. 2007), on the basis that "the arresting officer could not 'readily open' the defendant's knife by application of the Wrist-Flick test and required 'three strenuous attempts to do so.'" Importantly, the *Copeland* plaintiffs, in contrast to the plaintiff in this action, did not seek a declaration related to the number of attempts required to open a given knife. Here, the plaintiff has alleged—and supported in the deposition testimony of the plaintiff and a third-party witness—that it took the arresting officer several tries to open the plaintiff's knife. This case is thus not built on hypotheticals, nor is it a facial vagueness challenge brought under the guise of an as-applied challenge (as the *Copeland* court suggested was the case there). It is an as-applied challenge based on facts supported in the record, and one that could yield a workable solution to a vexing problem that the State's own Governor has described as "absurd."

## PLAINTIFF'S AS-APPLIED CHALLENGE

The plaintiff here asserts an as-applied constitutional challenge to the validity of the "gravity knife statute" (i.e., §§ 265.00(5) and 265.01(1) of the Penal Law of the State of New York, which together define the simple possession of a "gravity knife" as a crime) in the manner in which it has actually been enforced against the plaintiff.

Challenges to the constitutionality of a criminal statute on the basis of vagueness are brought pursuant to the guarantee in the Fourteenth Amendment that "No State shall . . . deprive

any person of life, liberty, or property, without due process of law[.]"   U.S. Const. Amend. XIV,

§ 1.   "[A] statute which either forbids or requires the doing of an act in terms so vague that men

of common intelligence must necessarily guess at its meaning and differ as to its application,

violates the first essential of due process of law."   *Connally v. Gen. Constr. Co.*, 269 U.S. 385,

391(1926); *see also Farrell v. Burke*, 449 F.3d 470, 485 (2d Cir. 2006).

A law that burdens constitutional rights or that imposes criminal penalties must meet a

higher standard of specificity than a law that merely regulates economic concerns. *Vill. of

Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982); *see also N.Y.

State Rifle & Pistol Ass'n, Inc. v. Cuomo*, 804 F.3d 242, 265 (2d Cir. 2015), *cert. denied sub

nom. Shew v. Malloy*, ___ U.S. ___, 136 S. Ct. 2486, 195 L. Ed.2d 822 (2016).   This higher

standard applies here because the "gravity knife law" imposes criminal penalties.

Based on these principles, the void-for-vagueness doctrine requires that  a penal statute

define the criminal offense with sufficient definiteness that ordinary people can understand what

conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory

enforcement.  *N.Y. State Rifle & Pistol Ass'n, Inc.*, 804 F.3d at 265 (quoting *Kolender v. Lawson*,

461 U.S. 352, 357 (1983)). Accordingly, "[a] statute can be impermissibly vague for either of

two independent reasons.  First, if it fails to provide people of ordinary intelligence a reasonable

opportunity to understand what conduct it prohibits.  Second, if it authorizes or even encourages

arbitrary and discriminatory enforcement."  *VIP of Berlin, LLC v. Town of Berlin*, 593 F.3d 179,

186 (2d Cir. 2010) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)).

A facial void-for-vagueness challenge is an attack on a statute itself as opposed to a

particular application.  *City of Los Angeles, Calif. v. Patel*, ___ U.S. ___, 135 S. Ct. 2443, 2449,

192 L. Ed.2d 435 (2015).  Such challenges  are generally disfavored, *Dickerson v. Napolitano*,

604 F.3d 732, 741 (2d Cir. 2010), and are "the most difficult . . . to mount successfully."  *United

*States v. Salerno*, 481 U.S. 739 (1987).  Outside of the First Amendment context (not present here), a facial challenge generally must show that "no set of circumstances exits under which the [law] would be valid."  *Dickerson*, 604 F.3d at 743 (quoting *Salerno*, 481 U.S. at 745).

In contrast, an as-applied challenge requires that a plaintiff show that the challenged statute is unconstitutional when applied to the particular facts of his or her case. *See Farrell v. Burke*, 449 F.3d at 486; *see also Dickerson*, 604 F.3d at 745.

Here, the plaintiff challenges the application of the "gravity knife law" as applied to have prosecuted him, i.e., under circumstances in which the arresting officer required multiple attempts to get the knife to open using the wrist-flick test and failed to include that information in the accusatory instrument, but in which the Defendant nevertheless continued the prosecution even after that information came to light.  The declaration that the plaintiff now seeks would require that any future prosecution instead be based on an allegation that the knife in question opened on the first application of the wrist-flick test, thereby bringing the application into conformity with due process requirements such that persons of common intelligence would be on some semblance of reasonable notice that the knives they purchased lawfully elsewhere in the State of New York may, if in their possession in the City or County of New York, give rise to criminal prosecutions for such simple possession.

**<u>CONCLUSION</u>**

For the foregoing reasons, it is respectfully submitted that this Court should GRANT the plaintiff's motion and render appropriate declaratory judgment.

Dated: April 21, 2017
      Port Washington, New York

                                          Respectfully submitted,

                                              /s
                                    JAMES M. MALONEY (JM-5297)
                                    Attorney for Plaintiff
                                    Law Office of James M. Maloney
                                    33 Bayview Avenue
                                    Port Washington, New York 11050
                                    (516) 767-1395

                                    maritimelaw@nyu.edu