UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Cracco,<br><br>                              Plaintiff,<br><br>       -against-<br><br>City of New York, *et al.*,<br><br>                              Defendants. | THE DISTRICT ATTORNEY'S COUNTER-LOCAL RULE 56.1 STATEMENT<br><br>14 Civ. 8235 (PAC) |

       Pursuant to Local Rule 56.1, New York County District Attorney Cyrus R. Vance, Jr. submits the following response to plaintiff Joseph Cracco's statement of undisputed facts, as well as the District Attorney's own statement of additional material and undisputed facts.

       1.    Admit, except clarify that the "charge" Cracco references is reflected in the criminal court complaint drafted by the District Attorney's Office, not in the arrest report drafted by Officer Correa, and that the charge was based on Officer Correa's determination that the folding knife possessed by Cracco was properly classified as a gravity knife.  Correa Decl. [ECF 64] at ¶¶19-20.

       2.    Admit that Cracco and Sipple claim that Officer Correa required five attempts of the wrist flick test to open Cracco's knife, but deny that their claim in this regard was, or presently is, undisputed for purposes of the underlying criminal matter or this civil suit.  *Compare* Krasnow Decl. [ECF 66] at p. 60-62, 93-94 of Ex. 12 and p. 13-16, 45 of Ex. 13 *with* Correa Decl. [ECF 64] at ¶¶19, 32 *and* Branch Decl. [ECF 65] at ¶¶10, 14-15.

       3.    Deny.  Cracco elected not to depose Officer Correa after unilaterally declaring in a letter filed without prior conferral with the District Attorney's Office that this case was "ripe for summary judgment even ***without*** seeking the testimony (whether by declaration, deposition, or in-

court hearing) of the arresting officer, Police Officer Correa." ECF 57 at p. 1-2 (emphasis in original).[1] Not only does Officer Correa dispute the claim of Cracco and Sipple that he required five attempts to open the knife on the date of Cracco's arrest, Officer Correa maintains that Cracco's knife has unambiguously functioned as a gravity knife on every occasion he has applied the wrist flick test – including a visit to the District Attorney's Office in the midst of the prosecution to test the knife in the presence of the assigned Assistant, Leah Branch. Correa Decl. [ECF 64] at ¶¶8, 19, 28-30, 32, Ex. DA-6, Ex. DA-7, and Ex. DA-8; Branch Decl. [ECF 65] at ¶17. It is further agreed among ADA Branch, Cracco, and Sipple that the criminal court complaint conveys the impression that Officer Correa opened the knife on the first attempt and, accordingly, conflicts with the account of Cracco and Sipple that five attempts were required. Branch Decl. [ECF 65] at ¶¶9-10, 14-15, and 66-67; Krasnow Decl. [ECF 66] at p. 75-79 of Ex. 13 and p. 57-58 of Ex. 14.

        4.        Deny, largely for the reasons explained in response to ¶3, *supra*. Having failed to pursue any deposition discovery in this matter, Cracco is unable to identify any non-speculative support for his allegation that the District Attorney did or would, either in this case or any other, pursue or continue a prosecution where the arresting officer admittedly required five attempts of the wrist flick to open the knife. Officer Correa never reported to anyone at the District Attorney's Office that five attempts were required to open Cracco's knife because, from the officer's perspective, that is not what happened, Correa Decl. [ECF 64] at ¶¶54-55, and the parties agree that the criminal court complaint creates the impression that the knife opened on the first attempt. Krasnow Decl. [ECF 66] at p. 75-79 of Ex. 13 and p. 57-58 of Ex. 14. Based on her review of the criminal court complaint,

---

[1]     Cracco took this position after the District Attorney, who identified Officer Correa as a witness under Rule 26(a)(1) and (e), filed a letter with the Court proposing that any dispute as to the number of attempts required to open the knife "[could] easily be resolved by a short deposition or declaration from Correa after which both or one of the parties may have a clear summary judgment motion." ECF 51 at p. 1-2.

ADA Branch understood there to be a dispute between Office Correa and the defense as to the number of attempts required to open the knife and, on that basis, argued that the appropriate remedy was not dismissal of the charge but resolution of the dispute at trial.  Branch Decl. [ECF 65] at ¶¶10, 73-74.  ADA Branch would not commence or continue a prosecution where the officer admittedly required five attempts to open a knife, *id.* at ¶¶66-67, and, in this case, after Cracco raised this allegation Officer Correa appeared at the District Attorney's Office at the request of ADA Branch to test the knife in her presence and confirm that it functioned as reflected in the criminal court complaint.  *Id.* at ¶17; Correa Decl. [ECF 64] at ¶¶28-30, 44, 46, Ex. DA-7, and Ex. DA-8.  Finally, while this by no means represents the constitutional ceiling for purposes of a vagueness challenge, as argued in Parts II and III of the District Attorney's motion for summary judgment, *see* ECF 68 at p. 14 n. 8, it is not the practice of this office to prosecute an individual for possession of a gravity knife where the officer cannot open the knife in question in fewer than three attempts.  Rather Decl. [ECF 63 at ¶30].

5.	Deny.  As Cracco offers no citation in support of ¶5, which not so much a "fact" as a conclusion that Cracco asks the Court to draw based on the allegations raised in ¶¶3-4, the District Attorney respectfully refers the Court to his responses to ¶¶3-4.  The District Attorney further states that if this office were required, on pain of a federal injunction, to credit every "showing" by a criminal defendant that events may not have transpired as stated by the People's witnesses, there would be no crimes left to prosecute.

The District Attorney's Statement of Additional Facts:

6.	The District Attorney incorporates the statement of facts filed on April 21, 2017 in support of his motion for summary judgment, listed in paragraphs numbering 1 through 79 and found at ECF 67.  These additional facts, which the District Attorney contends are not disputed, are also material to the resolution of Cracco's claim that the gravity knife statute is void for vagueness

as applied to his prosecution – a claim that requires consideration of whether the text of the statute and court decisions interpreting it provided sufficient objective notice to Cracco, whether the statute permits arbitrary enforcement, and whether, regardless of the answer to the second question, the enforcement action against Cracco was nonetheless consistent with the core prohibition of the statute. *Dickerson v. Napolitano*, 604 F.3d 732, 745, 748 (2d Cir. 2010).

Dated:      New York, New York
            May 3, 2017

                                        CYRUS R. VANCE, JR.
                                        District Attorney of New York County, as Special
                                        Assistant Corporation Counsel
                                        *Attorney for defendant Cyrus R. Vance, Jr.*
                                        One Hogan Place
                                        New York, New York 10013
                                        (212) 335-4210

                                By:     *EK*
                                        _____
                                        Elizabeth N. Krasnow
                                        Assistant District Attorney