UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Cracco,<br><br>                                    Plaintiff,<br><br>-against-<br><br>City of New York, et al.,<br><br>                                  Defendants. | 14 Civ. 8235 (PAC) |

**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR
SUMMARY JUDGMENT OF PLAINTIFF JOSEPH CRACCO**

CYRUS R. VANCE, JR.
District Attorney of New York County
*Attorney for Defendant Cyrus R. Vance, Jr.*
One Hogan Place
New York, New York 10013
(212) 335-4210

Elizabeth N. Krasnow
Assistant District Attorney

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

ARGUMENT ..................................................................................................................................4

        A.    Exactly as in *Copeland*, Cracco's claim exceeds the record ..........................................4

        B.    Cracco cannot rely on *Dreyden* to carry his burden ......................................................5

        C.    Cracco has not advanced his vagueness challenge from the pleadings .....................8

CONCLUSION .............................................................................................................................10

## **TABLE OF AUTHORITIES**

*Carter v. McCoy*,
  2010 U.S. Dist. LEXIS 83246 (S.D.N.Y. Aug. 9, 2010) .............................................. 5, 6, 7

*Copeland v. Vance*,
  2017 U.S. Dist. LEXIS 11654 (S.D.N.Y. Jan. 27, 2017) ............................................. 4, 7, 9

*Merring v. Town of Tuxedo*,
  2009 U.S. Dist. LEXIS 61444 (S.D.N.Y. Mar. 31, 2009) .................................................. 9

*People v. Cabrera*,
  135 A.D.3d 412 (1st Dept. 2016) ............................................................................. 5, 6, 7

*People v. Dreyden*,
  15 N.Y.3d 100 (2010) ......................................................................................... 4, 5, 6, 7

*People v. Herbin*,
  86 A.D.3d 446 (1st Dept. 2011) ........................................................................................ 6

*People v. Sans*,
  26 N.Y.3d 13 (2015) ......................................................................................................... 6

*People v. Smith*,
  309 A.D.2d 608 (1st Dept. 2003) .................................................................................. 5, 6

*United States v. Powell*,
  423 U.S. 87 (1975) ............................................................................................................ 7

*United States v. Smith*,
  985 F. Supp. 2d 547 (S.D.N.Y. 2010) ........................................................................ 5, 6, 7

*United States v. Williams*,
  553 U.S. 285 (2008) ...................................................................................................... 6, 7

*Vrljicak v. Holder*,
  700 F.3d 1060 (7th Cir. 2012) ........................................................................................... 7

**PRELIMINARY STATEMENT**

Having done nothing to advance his claim during discovery, plaintiff Joseph Cracco now seeks to substitute his judgment for that of the judges, juries, and elected officials of our State by means of a federal declaration extinguishing the discretion of the District Attorney to enforce the gravity knife statute against knives that do not open on <u>every</u> attempt of the wrist flick test. The cornerstone of Cracco's claim – that Police Officer Jonathan Correa required five attempts of the wrist flick test to open Cracco's knife and the District Attorney prosecuted him nonetheless – is false. As established in our cross motion for summary judgment, it was not the People's position that Cracco's prosecution could or should continue were it undisputed that Officer Correa required five attempts to open the knife. Rather, in defending the propriety of the charge, the assigned Assistant elected to credit – and reasonably so – the position of Officer Correa that the knife opened on the first attempt. Having abandoned his vagueness challenge in state court in favor of a guilty plea, Cracco should not now be heard to claim in a collateral proceeding that the Fourteenth Amendment required the District Attorney to credit him over Officer Correa.

Cracco not only fails to account for the facts that constrain his claim; he fails to account for the law. This as applied vagueness challenge requires him to show either that the gravity knife statute and the decisions interpreting it failed to provide objective notice of the prohibited conduct or that his prosecution was inconsistent with the "core concerns" of the statute. ECF 68 [DA Br.] at p. 12-13, 18, and 21 (collecting cases). Neither the constitutionality of the statute nor the professed need to limit the number of attempts of the wrist flick test are matters of first impression. While Cracco may disagree with the decisions upholding jury convictions under the statute where the knife in question did not open on every attempt, these decisions are part of the landscape against which the issue of notice must be assessed. This case also arises in the context of a defendant stopped by police while wearing a knife in plain view, in public, while riding the subway. When viewed against

the endemic of knife-related crime in the subway system, enforcement of the statute in this context is certainly "consistent" with the concerns it is intended to address. Having failed to satisfy the standard for a vagueness challenge, Cracco may not now impose his policy preference on the rest of us.

## STATEMENT OF FACTS

For a full statement of facts, the District Attorney respectfully refers the Court to his Counter-Local Rule 56.1 Statement, which responds to the facts alleged by Cracco in support of his motion for summary judgment and incorporates the facts filed in support of the District Attorney's cross motion. ECF 73 [DA Counter-56.1] at ¶¶1-6; ECF 67 [DA 56.1] at ¶¶1-79. In his cursory Local Rule 56.1 Statement, Cracco alleges that Officer Correa required five attempts of the wrist flick test to open his knife; that this scenario was brought to the People's attention during his prosecution; and that the People nonetheless proceeded with the prosecution. ECF 71 [Pl. 56.1] at ¶¶1-5. Finding himself at summary judgment without the benefit of any deposition discovery, Cracco is unable to elevate these allegations to facts.[1]

The record lacks any non-speculative support for the theory that the District Attorney did or would, either in this case or any other, pursue or continue a prosecution where the arresting officer admittedly required five attempts of the wrist flick test to open a knife. The account of Cracco and his friend, Jared Sipple, that Officer Correa required five attempts to open Cracco's knife is not undisputed, either for purposes of the criminal matter or this motion. ECF 73 [DA Counter-56.1] at ¶2. Officer Correa maintains that the knife has unambiguously functioned as a gravity knife on every

---

[1] Cracco elected not to depose Officer Correa – or the assigned Assistant, ADA Leah Branch, or our institutional witness, ADA Dan M. Rather. In a letter filed without prior conferral with the District Attorney's Office, Cracco unilaterally declared that this case was "ripe for summary judgment even *without* seeking the testimony (whether by declaration, deposition, or in-court hearing) of the arresting officer." ECF 73 [DA Counter-56.1] at ¶3 (emphasis in original). Cracco took this position after the District Attorney proposed that any dispute as to the number of attempts required to open the knife "[could] easily be resolved by a short deposition or declaration from Correa after which both or one of the parties may have a clear summary judgment motion" and reiterated his intent to also rely on testimony from ADA Branch and ADA Rather. *Id.* at n.1.

2

occasion he has applied the wrist flick test – as depicted in Exhibits DA-7 and DA-8 wherein he can be seen successfully opening the knife on each attempt. *Id.* at ¶3. He never reported to anyone at the District Attorney's Office that five attempts were required because, from his perspective, that is not what happened. *Id.* at ¶4.

It is further agreed among the parties that the criminal court complaint signed by Officer Correa conveys that the knife opened on the first attempt and, accordingly, conflicts with the account of Cracco and Sipple. *Id.* at ¶¶3-4. The assigned Assistant would not commence or continue a prosecution where the officer admittedly required five attempts to open a knife; after Cracco raised such an allegation in this case, Officer Correa appeared at the District Attorney's Office to test the knife and confirm that it functioned as reflected in the criminal court complaint. *Id.* at ¶4. Cracco may dispute the officer's account, but he cannot claim that it was unreasonable for the District Attorney's Office to credit the officer – who, again, can be seen handling the knife in Exhibits DA-7 and DA-8 – over the defense. Finally, while not intended to represent the constitutional limit for purposes of a vagueness challenge, it is not the practice of the District Attorney's Office to prosecute an individual for possession of a gravity knife where the officer admittedly cannot open the knife in question in fewer than three attempts. *Id.*

Cracco's brief contains the following additional allegation, without citation to any supporting portion of the record: "[T]he vast majority of [gravity knife] arrests and prosecutions occur in New York City, and [ ] the majority of those occur in New York County under the authority and direction of Defendant Vance." ECF 72 [Pl. Br.] at p. 4. Cracco did not conduct any discovery on statistics involving gravity knife arrests or prosecutions in New York County, or elsewhere. The District Attorney does not "direct" the "majority" of arrests for possession of a gravity knife. This office, where appropriate, files charges under the gravity knife statute in reliance on the statements of arresting officers – who sign the charging documents – as to the functionality of the knives in

3

question. ECF 67 [DA 56.1] at ¶¶54-56, 63-67; Ex. DA-5. District Attorney Vance further respectfully refers the Court to Judge Forrest's "finding of fact" in *Copeland* that "[p]rosecutions charging gravity knife possession constitute a very small fraction of the total number of misdemeanor prosecutions commenced in New York County each year." *Copeland v. Vance*, 2017 U.S. Dist. LEXIS 11654, at *5, 16-17 (S.D.N.Y. Jan. 27, 2017).

## ARGUMENT

Cracco's brief, which dedicates only its final paragraph to the merits of his claim, is more policy agenda than legal argument. The fact that the gravity knife statute survived the proposed legislative amendment and the *Copeland* challenge does not alleviate Cracco of his burden to show that the District Attorney applied the statute unconstitutionally in the context of his prosecution. This burden requires Cracco to confront the specific posture in which his case terminated and the multiple court decisions – which both pre- and post-date the "readily open" dicta of *Dreyden* on which Cracco pins his claim – finding that a knife need not unfailingly function as a gravity knife to support the conclusion that it is one.

### A.   Exactly as in *Copeland*, Cracco's claim exceeds the record

Cracco argues that his vagueness challenge is distinguishable from *Copeland* because it is "not built on hypotheticals, nor is it a facial challenge brought under the guise of an as-applied challenge." ECF 72 [Pl. Br.] at p. 7. It is both.

Cracco operates under the assumption that "it took the arresting officer several tries to open [his] knife." *Id.* This "fact" is not undisputed – either now or then. Hewing closely to the circumstances of Cracco's prosecution, as is required in an as applied challenge, *see* ECF 68 [DA Br.] at p. 15 n.9 (collecting cases), the relevant scenario is not a prosecution where the officer required five attempts to open the knife. It is a prosecution where the defendant alleged that to be true and the officer not only disputed it but maintained that, on all occasions he handled it, the knife functioned in

4

a manner that undeniably satisfied the statute. ECF 67 [DA 56.1] at ¶¶43-44, 46-48, and 55-57; Exs. DA-5, DA-7, and DA-8. The District Attorney did not engage in an "unexpected and indefensible" interpretation of the statute, *United States v. Smith*, 985 F. Supp. 2d 547, 588 (S.D.N.Y. 2010), by electing to credit Officer Correa over the defense and by framing the dispute as an issue for the jury at Cracco's criminal trial rather than grounds for dismissal.

To compound matters, Cracco claims that Officer Correa required five attempts to open his knife, yet he seeks a declaration enjoining prosecutions were the knife does not open on the first attempt. ECF 72 [Pl. Br.] at p. 1-2. Not only does Cracco's proposed declaration fail to account for the dispute between Cracco and the officer, it exceeds the record, thereby triggering the stringent standard for facial relief. ECF 68 [DA Br.] at p. 24 n.9 (collecting cases). Cracco thus asks the Court to render a constitutional ruling that is broader than the record and in even further conflict with the state and federal decisions finding that a knife need not open on every attempt to trigger criminal liability under the statute. ECF 67 [DA 56.1] at ¶16, citing *Copeland*, 2017 U.S. Dist. LEXIS 11654, *People v. Cabrera*, 135 A.D.3d 412 (1st Dept. 2016), *Carter v. McCoy*, 2010 U.S. Dist. LEXIS 83246 (S.D.N.Y. Aug. 9, 2010), and *People v. Smith*, 309 A.D.2d 608 (1st Dept. 2003).

**B.     Cracco cannot rely on *Dreyden* to carry his burden**

Assuming for argument's sake that Officer Correa reported to the District Attorney's Office that he required five attempts of the wrist flick test to open Cracco's knife – and assuming further that it was our practice to prosecute a defendant who possessed such a knife – the "readily open" dicta in *Dreyden* does not render the statute vague.

*Dreyden* did not involve a vagueness challenge to the gravity knife statute, or even a challenge to the sufficiency of the evidence relied on by a jury to convict a defendant. It involved a challenge to the sufficiency of the allegations in a criminal court complaint – which is a jurisdictional issue – where the officer stated that the defendant possessed a gravity knife without including any

5

support for that conclusion, i.e., facts to show how the officer knew that to be true. *People v. Dreyden*, 15 N.Y.3d 100, 102-03 (2010). After *Dreyden*, the Court of Appeals upheld a criminal court complaint with language nearly identical to the one signed by Officer Correa, finding that it adequately conveyed the basis of the charge with no reference to the "readily open" qualifier. *People v. Sans*, 26 N.Y.3d 13, 15, 17 (2015). *Dreyden* is also bookended by two decisions in which the First Department affirmed convictions where the officer required multiple attempts to open the defendant's knife, also without reference to the "readily open" qualifier, and the Court of Appeals denied leave. *Smith*, 309 A.D.2d at 609 (the knife "malfunctioned on some of the detective's attempts to operate it"), *lv. denied*, 1 N.Y.3d 580 (2003); *Cabrera*, 135 A.D.3d at 413 (the officer "needed to make several attempts before the knife opened"), *lv. denied*, 27 N.Y.3d 994 (2016). Finally, *Dreyden* is succeeded by a decision of this court reaching the same result, *Carter*, 2010 U.S. Dist. LEXIS 83246, at *14 (the officer "needed several attempts to open the knife"), as well as a decision in which the First Department held that the gravity knife statute – exactly as written – provides sufficient notice as to the characteristics that bring a knife within its scope and the Court of Appeals again denied leave. *People v. Herbin*, 86 A.D.3d 446, 446-47 (1st Dept. 2011), *lv. denied*, 17 N.Y.3d 850 (2011).

   The plain language of the statute and the decisions interpreting it thus provide objective notice that it can be enforced without regard to the "readily open" dicta of *Dreyden* – which never had any meaning in the vagueness context, anyways. This conclusion is inescapable, not just owing to the distinguishable context of *Dreyden* and the clear warnings of *Smith*, *Cabrera*, *Carter*, and *Herbin*, but also because "what renders a statute vague is not the possibility that it will be sometimes difficult to determine <u>whether</u> the incriminating fact it establishes has been proved; but rather the indeterminacy of precisely <u>what</u> that fact is." *United States v. Williams*, 553 U.S. 285, 306 (2008) (emphasis added). The gravity knife statute provides clear notice of the "incriminating fact" to be proven – namely, the blade of the knife must open and lock into place in response to gravity or

centrifugal force, ECF 67 [DA 56.1] at ¶2 – and the statute does not run afoul of the Fourteenth Amendment simply because the owner claims "difficult[y]" determining whether that fact has been proven absent a declaration requiring the knife to open on every attempt.[2] As Cracco's professed uncertainty is of the type that is properly addressed "not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt," *Williams*, *supra*, at 305-06, the only conceivable role of *Dreyden* in the ongoing debate over the gravity knife statute would be in a jury instruction requested by the defense.

Finally, Cracco characterizes as dicta the conclusion of Judge Forrest in *Copeland* that a knife need not open on every attempt to be considered a gravity knife. ECF 72 [Pl. Br.] at p. 5-6. This issue was in fact a component of the plaintiffs' vagueness challenge, *see Copeland* ECF 128 [Pls. Trial Br.] at p. 47-46 (complaining that "the wrist flick test does not specify the number of attempts that may be made to open a knife"), and it is precisely the claim Cracco raises here. Whether this conclusion from *Copeland* is dicta, however, is not material; the notice directly responsive to Cracco's claim can be found in the multiple state and federal court decisions rejecting challenges to arrests or convictions where the knife in question did not open on every attempt, *see Smith*, *Cabrera*, *Carter*, and the warning in *Williams* that concerns relating to <u>whether</u> the incriminating fact has been proven (as opposed to <u>what</u> that fact is) cannot form the basis of a vagueness challenge.[3]

---

[2]  *See also United States v. Powell*, 423 U.S. 87, 88, 94-94 (1975) (upholding a statute that prohibited the mailing of firearms capable of being "concealed on the person" without specifying the person against whom to measure concealment – i.e., a large or small person, or his manner of dress – brought by a woman convicted of mailing a twenty-two inch shotgun); *Vrljicak v. Holder*, 700 F.3d 1060, 1062 (7th Cir. 2012) ("[As we] know from *United State v. Powell* and many other decisions … just because it is possible to replace a standard with a numeric rule, the Constitution does not render the standard a forbidden choice") (citation omitted).

[3]  Cracco also makes a passing reference to *United States v. Irrizary* in his discussion of *Copeland*, although it is not clear how he seeks to apply *Irrizary* to his claim. ECF 72 [Pl. Br.] at p. 7. *Irizarry* did not involve a vagueness challenge. Rather, Judge Weinstein found a lack of probable cause to believe that the defendant's knife was a gravity knife – even though it opened in response to the wrist flick test – because the knife was "designed and sold as a folding knife." *Irizzary*, 509 F. Supp. 2d 198, 207 (E.D.N.Y. 2007). This finding is contrary to the plain language of the statute, which

C.     **Cracco has not advanced his vagueness challenge from the pleadings**

Any "factual questions not ripe for adjudication" that led the Court to deny the District Attorney's motion to dismiss have now, at summary judgment, been resolved in his favor. ECF 38 [12.9.15 Opinion & Order] at p. 6. Contrary to Cracco's theory, this is not a case where the arresting officer required multiple attempts to open the defendant's knife and the District Attorney "nevertheless continued the prosecution even after that information came to light." ECF 72 [Pl. Br.] at p. 9. It is a case where the defendant claimed that to be true, the arresting officer disputed it, the prosecution credited the officer over the defense, and the defendant abandoned his claim in favor of a guilty plea. ECF 67 [DA 56.1] at ¶¶43-48, 54-57, 59, 61-62, 65, 68-69, 78; Exs. DA-5, DA-7, DA-8, DA-10. It was not the People's position that the prosecution could or should continue were it undisputed that Officer Correa required five attempts to open the knife. ECF 67 [DA 56.1] at ¶73. Rather, the People did not credit (and still do not credit) the claim of Cracco and his friend that Officer Correa – who can be seen capably handing the knife in Exhibits DA-8 and DA-7 and who maintains it has never functioned other than as depicted therein – required five attempts of the wrist flick test to open the knife. *Id.* at ¶74.[4] The District Attorney's Office must be able to exercise this type of

---

defines a gravity knife by function, not design, ECF 67 [DA 56.1] at ¶5, and to the way other federal and state courts have applied the statute. *Id.* at ¶¶6, 16, and 19. Judge Weinstein also based his finding on the fact that, at the suppression hearing, the arresting officer required "three strenuous attempts" of the wrist flick test to open the defendant's knife. *Irizarry*, *supra*, at 204, 210. *Irizarry* thus supports the District Attorney's argument that the issue raised by "close cases" is properly addressed by the protections of the Criminal Procedure Law and the government's burden of proof.

[4]     In the absence of deposition testimony from the relevant witnesses, Cracco looks to manufacture ambiguity by citing the silence of the criminal court complaint as to the number of attempts. ECF 71 [Pl. 56.1] at ¶¶3-4. Any ambiguity is clarified by the declarations of Officer Correa and ADA Branch submitted in support of the District Attorney's cross motion. Regardless, Cracco agreed at his deposition that the document – consistent with Officer Correa's intended meaning, ECF 67 [DA 56.1] at ¶¶44, 46, 54-56 – conveys through its silence that the knife opened on the first attempt. ECF 66 [Krasnow Decl.], Ex. 13 [Cracco Dep.] at p. 78 ("Q: But from your perspective, is [the criminal court complaint] accurate, is it true? A: I think that the way it is worded implies that it happened with one simple flick of the wrist, which is not the case.") and p. 79 ("Q: So a person reading this document would assume that [Officer Correa] was able to open the knife with the first flick of his wrist; correct? A: Correct.").

discretion, not just in gravity knife cases but in all cases, without triggering a collateral challenge in federal court to the way we enforce the Penal Law – especially where, as here, the People's conduct was indisputably reasonable and the defendant pled guilty.

Apart from his failure to consider the perspective of Officer Correa or this office, Cracco does not acknowledge the multitude of decisions placing him on notice with respect to all aspects of his prosecution that he now claims rendered the statute as applied to him. He had notice that his conduct – possession of a knife that could be opened by the application of centrifugal force, as measured by the wrist flick test – was criminal. ECF 67 [DA 56.1] at ¶¶1-2, 4, 7-11, and 15. He had notice that the "intended use or design" of a particular brand of knife is irrelevant to whether a knife belonging to that brand meets the statutory definition, as is the prevalence in local retail stores of that brand or other similar knives. *Id.* at ¶¶5-6, 18-19; *see also Merring v. Town of Tuxedo*, 2009 U.S. Dist. LEXIS 61444, at *8, 38-39 (S.D.N.Y. Mar. 31, 2009) (the officer's ability to open the plaintiff's knife via the wrist flick test justified a gravity knife charge, even though the knife – which, like Cracco's knife, belonged to the Spyderco brand – was "commonly sold in sporting goods stores" and was used by the plaintiff only to open boxes at work). Finally, he had notice that both state and federal courts have considered and rejected the crux of his claim by finding that the People can meet their burden even if multiple attempts of the wrist flick test are required to open a knife, ECF 67 [DA 56.1] at ¶16 – which is "plainly correct as the statute does not, on its face, require any particular number of applications of gravity or centrifugal force." *Copeland*, 2017 U.S. Dist. LEXIS 11654.[5]

---

[5] Since Cracco makes no substantive arguments as to the alternative theory of vagueness – namely, whether the statute lends itself to arbitrary or discriminatory enforcement, or whether the enforcement action at issue is nonetheless consistent with the core purpose of the statute – the District Attorney respectfully refers the Court to the section of his cross motion for summary judgment explaining why that theory is also foreclosed by the record. ECF 68 [DA Br.] at p. 21-24.

## CONCLUSION

For the reasons argued herein and in the District Attorney's cross motion for summary judgment, Cracco has failed to offer any non-speculative argument bearing on the actual elements of an as applied vagueness challenge, warranting judgment in favor of the District Attorney.

Dated:	New York, New York
	May 3, 2017

CYRUS R. VANCE, JR.
District Attorney of New York County
*Attorney for Defendant Cyrus R. Vance, Jr.*
One Hogan Place
New York, New York 10013
(212) 335-4210

By:	*EK*
	_____
	Elizabeth N. Krasnow
	Assistant District Attorney