UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joseph Cracco,

           Plaintiff,

-against-

City of New York, *et al.*,

           Defendants.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, DOCUMENT REQUESTS, AND REQUEST FOR INSPECTION**

14 Civ. 8235 (PAC)

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3, defendant New York County District Attorney Cyrus R. Vance, Jr., responds and objects to Plaintiff's First Set of Interrogatories, Document Requests, and Request for Inspection as follows:

## GENERAL STATEMENT AND OBJECTIONS

1. By responding to any request, defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendant objects to these Interrogatories and Document Requests to the extent that they seek documents and/or information which are

1

protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendant objects to these interrogatories, document requests, and request to inspect to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Civil Rules of this Court.

5. Defendant is continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement these responses with additional information, if and when such information becomes available to defendant's counsel. Defendant also reserves the right to object to the future disclosure of any such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Indicate with specificity the basis by which Defendant's office determines whether or not a given knife is or is not a prohibited "gravity knife."

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 1 on the grounds that it is overbroad, seeks information that is beyond the scope of Local Civil Rule 33.3(a),[1] and to the extent that it is the role of the jury or judge, and not the prosecutor, to make the ultimate "determination" as to whether a given knife is a gravity knife. Notwithstanding and without waiving or in any way limiting these specific objections or the general objections, pursuant to Fed. R. Civ. P. 33(d), defendant refers plaintiff to ¶¶19-21, 57-59 of the District Attorney and City of New York's Trial Brief dated April 8, 2016 filed in *Copeland v. Vance*, 11 Civ. 3918 (S.D.N.Y.).

**INTERROGATORY NO. 2:** Indicate whether Defendant's office has a policy of independently testing knives seized from suspects/criminal defendants to determine whether or not a given knife is or is not a prohibited "gravity knife," separate and apart from any testing (such as the wrist flick test) conducted by police, when prosecuting such individuals. If such a policy is applied in some but not all cases, state the basis for such differential application.

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 2 on the grounds that it is ambiguous, overbroad, compound, and seeks information that is beyond the scope of Local Civil Rule 33.3(a).

---

[1] Local Rule 33(a) provides: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."