15. The First Department has also held that a knife need not open on every attempt to constitute a gravity knife. *Smith*, 309 A.D.2d at 609 ("[T]he fact that the knife malfunctioned on some of the detective's attempts to operate it did not defeat the proof of operability").

16. More recently, the Court of Appeals confirmed that a knife that opens via the wrist flick test meets the statutory definition of a gravity knife. *Sans*, 26 N.Y.3d at 17 (statement in criminal complaint that the defendant's knife opened "with centrifugal force" conveyed that the officer "flicked the knife open with his wrist").

17. Similarly, federal courts interpreting New York's gravity knife statute have applied the wrist flick test as the standard for identifying gravity knives. *See, e.g., Johnson v. New York*, 1988 U.S. Dist. LEXIS 9397 (S.D.N.Y. Aug. 25, 1988); *Merring v. Town of Tuxedo*, 2009 U.S. Dist. LEXIS 61444 (S.D.N.Y. Mar. 31, 2009) (officer's ability to release the blade by flicking his wrist justified a gravity knife charge, even though the knife may not have been designed as a gravity knife); *see also Carter*, 2010 U.S. Dist. LEXIS 83246, at *13 (that the officer "needed several attempts to open the knife" did not undermine guilty verdict as "a knife need not work consistently in order to support the finding that it is a gravity knife").

18. While all knives are dangerous, a knife which can be opened by a flick of the wrist is particularly so. Tsujimoto Dep. at 163:17-164:15, 165:16-166:6.

19. The wrist flick test is the standard by which prosecutors of the District Attorney's Office and officers of the Police Department apply the gravity knife statute to a particular folding knife. Rather Decl. at ¶17; Acosta Decl. at ¶7; Albano Decl. at ¶7; Gutierrez Decl. at ¶17; Kyrkos Decl. at ¶16; Luke Decl. at ¶¶28-29.

20. That standard has remained constant before, during, and after the election of District Attorney Cyrus Vance. Rather Decl. at ¶¶17-18; Albano Decl. at ¶¶7-8; Gutierrez Decl. at ¶¶16-17; Kyrkos Decl. at ¶15-16; Luke Decl. at ¶¶28-29.

21. In applying the wrist flick test, prosecutors and officers hold the knife by the handle and apply centrifugal force by flicking their wrist. Rather Dep. at 53:25-55:4, 56:5-20; Albano Decl. at ¶7; Acosta Dep. at 26:11-27:6, 35:11-23, 49:4-52:11; Acosta Decl. at ¶7; Gutierrez Decl. at ¶17; Kyrkos Decl. at ¶17; Luke Decl. at ¶28.

22. Plaintiff's expert, Paul Tsujimoto, opines that only one knife falls within the statutory definition of a gravity knife – a German paratrooper knife. Tsujimoto Decl. at ¶¶25-26.

23. Distinct from a folding knife, the blade of a German paratrooper knife slides out from the handle and can only be locked in the closed or open position by a "release lever." Tsujimoto Decl. at ¶¶19-26 and Exhibit P-8.

24. When initially introduced during World War II, the German paratrooper knife was intended to be used by soldiers to cut their parachutes with one hand. Tsujimoto Decl. at ¶6.

25. The German paratrooper knife's "intended function as a tool did not then, and does not now, alter its obvious and inherently dangerous nature." *Fana*, 2009 N.Y. Misc. LEXIS 956, at *9.

26. Tsujimoto – whose only information as to how the gravity knife statute has been enforced comes from Doug Ritter and David Jensen – claims that he has "**never**" heard of a folding knife being classified as a gravity knife "except recently in New York City." Tsujimoto Decl. at ¶26; Tsujimoto Dep. at 8:21-12:3, 111:17-112:11.

6

56. For example, a knife that can only be opened by biomechanical force – such as using one's thumb on a stud or hole in the blade to swivel it open – is a one-handed non-gravity knife. Rather Dep. at 118:5-20.

57. The District Attorney's Office does not prosecute individuals because a knife could theoretically or potentially operate by gravity or centrifugal force; rather, the Office evaluates the actual function of the knife on a case-by-case basis in determining whether it meets the statutory definition. Rather Decl. at ¶25.

58. In evaluating whether a gravity knife charge is appropriate in a particular case, Assistants consider first whether the knife meets the statutory definition – i.e., can the knife be opened to a locked position by application of the wrist flick test – and, second, whether the People will be able to meet their burden of proof beyond a reasonable doubt at trial. Rather Decl. at ¶26.

59. While the First Department of the Appellate Division is clear that the People can meet their burden even if multiple attempts of the wrist flick test are required to open a knife, it is within the Assistant's discretion whether a particular prosecution should be commenced or continued. Rather Decl. at ¶27.

60. The Bureau of Planning and Management at the District Attorney's Office maintains records and compiles statistics on prosecutions in New York County. Rather Decl. at ¶32.

61. The records of the Bureau of Planning and Management reflect the below number of prosecutions for possession of a gravity knife and the total number of misdemeanor prosecutions commenced in New York County from 2005 to 2009, under the leadership of former-District Attorney Robert M. Morgenthau: