UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Joseph Cracco,<br><br>                                        Plaintiff,<br><br>                    -against-<br><br>City of New York, *et al.*,<br><br>                                        Defendants. | **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, DOCUMENT REQUESTS, AND REQUEST FOR INSPECTION**<br><br>14 Civ. 8235 (PAC) |

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 33.3, defendant New York County District Attorney Cyrus R. Vance, Jr., responds and objects to Plaintiff's First Set of Interrogatories, Document Requests, and Request for Inspection as follows:

## GENERAL STATEMENT AND OBJECTIONS

1.      By responding to any request, defendant does not concede the materiality of the subject to which it refers.  Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Defendant objects to these Interrogatories and Document Requests to the extent that they seek documents and/or information which are

protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.     Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.     Defendant objects to these interrogatories, document requests, and request to inspect to the extent they seek to impose obligations beyond those required by the Federal Rules of Civil Procedure or the Local Civil Rules of this Court.

5.     Defendant is continuing to search for information responsive to plaintiff's requests and therefore reserves the right to supplement these responses with additional information, if and when such information becomes available to defendant's counsel.  Defendant also reserves the right to object to the future disclosure of any such information.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Indicate with specificity the basis by which Defendant's office determines whether or not a given knife is or is not a prohibited "gravity knife."

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 1 on the grounds that it is overbroad, seeks information that is beyond the scope of Local Civil Rule 33.3(a),[1] and to the extent that it is the role of the jury or judge, and not the prosecutor, to make the ultimate "determination" as to whether a given knife is a gravity knife. Notwithstanding and without waiving or in any way limiting these specific objections or the general objections, pursuant to Fed. R. Civ. P. 33(d), defendant refers plaintiff to ¶¶19-21, 57-59 of the District Attorney and City of New York's Trial Brief dated April 8, 2016 filed in *Copeland v. Vance*, 11 Civ. 3918 (S.D.N.Y.).

**INTERROGATORY NO. 2:** Indicate whether Defendant's office has a policy of independently testing knives seized from suspects/criminal defendants to determine whether or not a given knife is or is not a prohibited "gravity knife," separate and apart from any testing (such as the wrist flick test) conducted by police, when prosecuting such individuals. If such a policy is applied in some but not all cases, state the basis for such differential application.

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 2 on the grounds that it is ambiguous, overbroad, compound, and seeks information that is beyond the scope of Local Civil Rule 33.3(a).

---

[1] Local Rule 33(a) provides: "Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."

**INTERROGATORY NO. 3**:  State the definition of "centrifugal force" that is applied by defendant's office for the purposes of interpreting §265.00(5) of the Penal Law of the State of New York, defining "gravity knife."  If there is no definition, so state.

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 3 on the grounds that it seeks information that is beyond the scope of Local Civil Rule 33.3(a). Notwithstanding and without waiving or in any way limiting this specific objection or the general objections, defendant refers plaintiff to the dictionary definition of "centrifugal force."

**INTERROGATORY NO. 4**:  State the definition of "centrifugal force" that is applied by defendant's office for the purposes of interpreting §265.00(14) of the Penal Law of the State of New York, defining "chuka sticks."  If there is no definition, so state.

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 4 on the grounds that seeks information that is beyond the scope of Local Civil Rule 33.3(a) and beyond the scope of Fed. R. Civ. P. 26(b)(1) in this vagueness challenge to the gravity knife statute as it was applied to the folding knife possessed by plaintiff on October 18, 2013.

**INTERROGATORY NO. 5**:  If there are no definitions of "centrifugal force" that are applied by Defendant's office for purposes of interpreting either §265.00(5) or §265.00(14) of the Penal Law in defining "gravity knife" or "chuka sticks," indicate whether "centrifugal force" is interpreted by Defendant's office to mean the same force

or set of forces in both subsections.  If "centrifugal force" is not interpreted by Defendant's office to mean the same force or set of forces in both subsections, state the basis for such differential application of meaning.

**OBJECTION AND RESPONSE:**  <u>See</u> Objection and Response to Interrogatory Nos. 3 through 4.

**INTERROGATORY NO. 6:**  State the definition of "centrifugal force," if any, that is consistent with the statutory definition of a "gravity knife."

**OBJECTION AND RESPONSE:**  <u>See</u> Objection and Response to Interrogatory Nos. 3 through 5.  Notwithstanding and without waiving or in any way limiting these specific objections or the general objections, pursuant to Fed. R. Civ. P. 33(d), defendant refers plaintiff to ¶¶14-17 of the District Attorney and City's Trial Brief in *Copeland*.

**INTERROGATORY NO. 7:**  Indicate whether Defendant's office has established a number of "wrist flicks" that may be applied to a given knife to determine whether it is or is not a prohibited "gravity knife" even if it locked in place automatically when opened.  If such a number has been established, state the number.

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 7 on the grounds that it is the jury or judge, and not the prosecutor, who determines whether or not a given knife is a "gravity knife" within the meaning of Penal Law §265.00(5) and also on the grounds that the Interrogatory seeks information that is beyond the scope of Local Civil Rule 33.3(a).  Notwithstanding and without waiving or in any way limiting these specific objections or the general objections, pursuant to Fed. R. Civ. P.

33(d), defendant refers plaintiff to ¶¶14-17, 59, and 89 of the District Attorney and City's Trial Brief in *Copeland.*

**INTERROGATORY NO. 8:**  Indicate whether Defendant's office has *ever* tested or caused to be tested a knife suspected of being a "gravity knife" knife by means of a centrifuge or similar device.  If so, identify the models of knives so tested, state the dates of testing, and indicate whether each such knife was or was not determined to be a gravity knife.

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 8 on the grounds that it is ambiguous, overbroad, not reasonably limited in time or scope, compound, and seeks information that is beyond the scope of Local Civil Rule 33.3(a) and more practically obtained through a deposition.  Notwithstanding and without waiving or in any way limiting these specific objections or the general objections, and limited this response to the only device specifically listed in the Interrogatory, a centrifuge, defendants states that the answer, upon information and belief, is "No."

**INTERROGATORY NO. 9:**  Indicate whether Defendant's office has *ever* tested or caused to be tested a Spyderco® Endura 4 folding knife, including the one seized from Plaintiff, to determine whether or not the particular exemplar of the Spyderco® Endura 4 folding knife was or was not a prohibited "gravity knife."  If so, state the dates of testing, describe the means of such testing, and indicate whether each knife was or was not determined to be a "gravity knife."

**OBJECTION AND RESPONSE:** Defendant objects to Interrogatory No. 9 on the grounds that it is overbroad, unduly burdensome, not reasonably limited in time or