USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSEPH CRACCO,

                       Plaintiff,

           - against -

CYRUS R. VANCE JR., in his official capacity as
District Attorney for the County of New York,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

14 Civ. 8235 (PAC)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

       Plaintiff Joseph Cracco was arrested for possession of a gravity knife. He pleaded guilty to disorderly conduct and paid a fine. Cracco wants to continue carrying the same type of knife that led to his arrest, but fears he will be arrested again. He seeks declaratory judgment against Defendant Cyrus R. Vance Jr., in his official capacity as District Attorney for the County of New York, that New York Penal Law §§ 265.00(5) and 265.01(1)—which define a simple possession of a gravity knife as a crime—are void for vagueness as applied to any folding knife that has each of the following characteristics: (1) a "bias toward closure"; (2) a "lockable blade"; and (3) the "inability to be readily be opened by gravity or centrifugal force." ECF 9 ("Amended Complaint"), ¶80. Cracco further seeks a specific finding of law that the last characteristic is satisfied by any folding knife that does not open by means of a wrist-flick test on the first attempt.[1] *Id.* On December 9, 2015, the Court denied Defendant's motion to dismiss the claim, ECF 38[2], and on January 28, 2016, the Court denied Defendant's motion for reconsideration, ECF 46.

---

[1] The Court assumes familiarity with the facts, which are set forth in greater detail the Court's prior opinions. ECF 37, 38.

[2] Cracco also named as defendants the City of New York, Officer Jonathan Correa, and an unnamed officer, alleging various constitutional and state-law claims. The Court dismissed those claims with prejudice. ECF 37.

On June 22, 2016, the Court stayed the action pending (1) the Governor's consideration of the proposed amendment to the gravity knife statute (Assembly Bill No. 9042-A) ("Bill") and (2) the resolution of the trial on the papers in *Copeland v. Vance*, Case No. 11 Civ. 3918, a case challenging the constitutionality of the same gravity knife statute for vagueness, similar to the challenge raised here. *See* ECF 49, 52. In early 2017, the Court was notified that on December 31, 2016, Governor Cuomo vetoed the Bill, and on January 27, 2017, Judge Forrest rendered her opinion in *Copeland*, holding that the gravity knife statute is not unconstitutional for vagueness. *See* ECF 50-1; *Copeland*, 230 F.Supp.3d 232 (S.D.N.Y 2017). In view of these events, the Court lifted the stay and parties proceeded to brief their cross-motions for summary judgment, which are currently pending before the Court. *See* ECF 58, 62, 69.

The *Copeland* plaintiffs appealed Judge Forrest's opinion to the Second Circuit, seeking review of the "finding that the New York Gravity Knife Law is not void for vagueness as applied to Plaintiffs." *See Copeland*, Case No. 17-00474 (2d Cir.), Dkt. No. 28 ("App. Br."), at 7. Eighteen amici curiae filed amicus briefs in that appeal. *Id.* Dkt. No. 114, 119. The oral arguments were heard on January 18, 2018. *Id.* Dkt. No. 122.

The issue on appeal in *Copeland* is the same as the one here. Plaintiffs in *Copeland* contend the gravity knife law is void for vagueness because the wrist flick test, with which illegal gravity knives are identified, is "inherently indeterminate." *See* App. Br. at 45. This issue directly bears on whether the gravity knife statute is void for vagueness when applied to a folding knife that does not open by means of a wrist-flick test on the first attempt. *See* Amended Complaint, ¶80.

Given the relevance of the appeal in *Copeland*, this Court, *sua sponte*, stays this case pending the Second Circuit's decision in *Copeland*. "[T]he power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The power to stay proceedings can be exercised *sua sponte. See Infinity Headwear & Apparel, LLC v. Jay Franco & Sons, Inc.*, 2017 WL 3309724, at *1 (S.D.N.Y. 2017).

In determining whether to enter a stay, courts have applied a five-factor test, looking to:

> "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation ... (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

*LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). On balance, the five-factor test favors entering a stay in the instant action. "As to the interests of the Court and Non-Parties, a stay in the instant case ... is more likely to promote judicial economy, as well as potentially obviate irrelevant litigation, including otherwise unnecessary third-party practice." *In re MPM Silicones, L.L.C.*, 2017 WL 4386378, at *2 (S.D.N.Y. 2017). "[W]here a higher court is close to settling an issue of law bearing on the action," a stay is favored. *LaSala*, 399 F. Supp. 2d at 427 n.39.

For these reasons, the Court stays this action pending the Second Circuit's decision in *Copeland.* The Clerk of Court is directed to terminate the pending cross-motions for summary judgment (ECF 62, 69), without prejudice to its renewal within 30 days of the Second Circuit's decision.

Dated: New York, New York
      March 2, 2018

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge