ADMITTED TO PRACTICE IN COURTS OF THE STATE OF NEW YORK; UNITED STATES SUPREME COURT; U.S. COURTS OF APPEALS FOR THE SECOND AND THIRD CIRCUITS; U.S. DISTRICT COURTS FOR THE EASTERN DISTRICT OF TEXAS, DISTRICT OF NEW JERSEY, NORTHERN DISTRICT OF FLORIDA, NORTHERN DISTRICT OF ILLINOIS, DISTRICT OF CONNECTICUT, AND NORTHERN, SOUTHERN & EASTERN DISTRICTS OF NEW YORK; U.S. COURT OF INTERNATIONAL TRADE; U.S. COURT OF FEDERAL CLAIMS.

# JAMES M. MALONEY
### ATTORNEY AT LAW
### PROCTOR IN ADMIRALTY

P.O. Box 551
33 Bayview Avenue
Port Washington, NY 11050

TEL: (516) 767-1395

E-MAIL ADDRESS:
**maritimelaw@nyu.edu**

March 5, 2021

Hon. Paul A. Crotty
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Via ECF only

        Re: *Cracco v. City of New York et al.*, 14-cv-8235 (PAC)
        Motion to renew motion for attorney fees (DE # 93 *et seq.*)

Dear Judge Crotty:

    I represented the Plaintiff, Joseph Cracco, in this now substantively closed case, and write to request that my motion for attorney fees (DE # 93 *et seq.*), which was stayed pending appeal, be renewed.

    By way of background, on March 27, 2019, this Court had held that the New York state gravity knife statute, codified at N.Y. Penal Law §§ 265.01(1) and 265.00(5), was unconstitutionally vague and granted summary judgment for the Plaintiff (DE# 91).  Defendant appealed, but while the appeal was pending, the New York state legislature passed, and the Governor signed into law, Assembly Bill 5944, which repealed N.Y. Penal Law § 265.01(1) and its prohibition on gravity knives (although it left § 265.00(5) intact).  Based on this statutory development, the Second Circuit vacated this Court's summary judgment order and remanded with instructions to dismiss the complaint.  The mandate for the Second Circuit's decision appears on the docket sheet herein as DE #103 (entered December 16, 2020).

    Also while the appeal was pending, the undersigned closed his physical law office in July 2020 as result of the pandemic, and has thereafter had very limited access to online research tools.  Accordingly, and for other personal reasons, this motion to renew is being made later than the 30 days contemplated by DE# 100, *q.v.*, and the undersigned apologizes for the delay.

Having recently had an opportunity to do some research on the question of whether subsequent vacatur and mootness of a case under such circumstances as are present here would strip a prevailing party of its status for purposes of fees under 42 U.S.C. § 1988 (the position that Defendant-Appellant Vance takes as indicated in recent communications between counsel), the undersigned has been unable to find any Second Circuit cases (or reported cases in courts sitting in this Circuit) that are precisely on point.  The D.C. Circuit and the District of the District of Columbia (D.D.C.), however, have addressed the issue a few times, and the District of Connecticut has recently cited one of the latter court's decisions with approval in an unreported opinion.  *Lamberty v. Connecticut State Police Union*, 2019 WL 4233502, No. 3:15-cv-378 (VAB)(D. Conn., September 6, 2019), at *8 (party seeking fees did not lose prevailing-party status due to subsequent mootness) (citing *Texas v. United States*, 49 F. Supp. 3d 27, 41 (D.D.C. 2014)).

The seminal case in D.C. Circuit appears to be *Grano v. Barry*, 783 F.2d 1104 (D.C. Cir. 1986).  In that case, a tavern was scheduled to be razed and a group attempted to save the building as a historic building. The group managed to get the issue on the ballot and was granted a preliminary injunction until the election could be held.  Although the case was rendered moot on appeal by the intervening election, D.C. Circuit upheld the lower court's subsequent holding that the plaintiffs were prevailing parties for the purposes of § 1988 on the basis of their success in obtaining the injunction, which was a major part of the relief they were seeking.  Likewise here, the relief sought, declaring the gravity-knife statute vague as applied under certain circumstances, was granted in March 2019, and it was not until two months later that the repeal of the statute occurred.  See also *National Black Police Ass'n v. District of Columbia  Board of Elections and Ethics*, 168 F.3d 525, 529 (D.C. Cir. 1999) ("the subsequent mootness of a case does not necessarily alter the plaintiffs' status as prevailing parties") (citing *Grano*).

Relying on the D.C. Circuit cases and their above-cited progeny as persuasive authority, Plaintiff now requests that this Court renew Plaintiff's motion for attorney fees.  Although subsequent mootness may perhaps under some special circumstances prevent a prevailing party from recovering attorney fees, no such circumstances are present here, where this Court's declaratory relief resulted in a tangible benefit to both Plaintiff and others similarly situated during the time that the statute remained in force after the decision but before the statute was repealed.

    Respectfully,

    */s James M. Maloney*
    James M. Maloney