**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N. Y. 10013
(212) 335-9000



**CYRUS R. VANCE, JR.**
DISTRICT ATTORNEY

March 29, 2021

**BY ECF**
Honorable Paul A. Crotty
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Cracco v. City of New York, et al.</u>, 14 Civ. 8235 (PAC)

Dear Judge Crotty:

    I write in response to plaintiff's letter filed this morning, in which he characterizes the District Attorney's opposition to his own belated motion to reopen the case as a motion by the District Attorney for reconsideration of this Court's summary judgment ruling.

    Plaintiff misses the point. The District Attorney is not asking the Court to reconsider its summary judgment ruling, which was vacated due to the intervening mootness of plaintiff's claim. Rather, the District Attorney is asking the Court to find that an award of fees would be unjust under circumstances where the intervening mootness of plaintiff's claim prevented the circuit court from reaching the merit of the District Attorney's appeal *and* (i) a controlling and contemporaneous circuit decision resolved identical issues in the District Attorney's favor; and (ii) the ruling appealed from granted summary judgment <u>sua sponte</u> on claims not advanced by plaintiff and in reliance on disputed facts and assumptions. In our opposition, we provide a decision finding that an award of fees would be unjust for the former reason, DA Opp. at 9-10, under circumstances that did not also involve <u>sua sponte</u> judgment.

    The fact that the contemporaneous circuit decision had issued prior to the summary judgment ruling does not, as plaintiff argues, render the District Attorney's opposition to his belated motion to reopen the case dependent on satisfying the standard for a motion for reconsideration. If anything, the timing of the circuit decision—which was issued after the parties completed briefing on their cross-motions for summary judgment but prior to this Court's ruling—compounds the unfairness of assessing fees in this case. The central legal theory on which the Court entered judgment <u>sua sponte</u> was envisioned in the circuit decision, yet the parties' post-briefing letters made clear that neither side believed plaintiff to proceed under such a theory.

    The issue raised in the District Attorney's opposition to plaintiff's motion to reopen is entirely distinct from the issue of whether plaintiff can be considered a prevailing party. No matter the resolution of his status, the issue remains as to whether "special circumstances"

exist that would render assessing fees unjust. DA Opp. at 1-2, 9-10. In this case, those circumstances include a circuit decision that reached the opposite result as the vacated ruling on the same issues and the entry of judgment sua sponte on legal claims not advanced by the plaintiff and in reliance on disputed allegations and unproven hypothetical scenarios.

      Because the District Attorney's opposition to the justness of assessing fees cannot be swept under the rug as a motion for reconsideration, I respectfully ask the Court to either deny plaintiff's motion to reopen as untimely for the reasons set forth in our opposition, DA Opp. at 6-9, or receive responsive argument from him on the relevant issue.

Respectfully submitted,

/s
Elizabeth N. Krasnow
Assistant District Attorney

To:    Plaintiff's counsel (by ECF)